IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company, and ANHEUSER-BUSCH, LLC, a Missouri limited liability company,

Plaintiffs,

v.

JAMES ALAN CLARK, an individual,

Defendant.

2:13-cv-00415-GEB-CKD

ORDER

Plaintiffs filed a Notice of Request to Seal Documents on March 7, 2013, requesting "the sealing of original Exhibits A and B . . . to the Complaint . . . filed on March 1, 2013." (Pls.' Req. to Seal 1:2-5, ECF No. 8). Plaintiffs state in the Notice:

> These original Exhibits A and B inadvertently both contained Defendant James Alan Clark's full Social Security number instead of having it redacted under Local Rule 140(a)(iii). This Request seeks permanent sealing of original Exhibits A and B . . . . The documents to be sealed (Docket Nos. 1-1 and 1-2) have already been e-filed but are restricted to court personnel access only and have been e-mailed to Judge Burrell pursuant to Local Rule 141(b). The Request, the proposed order, and documents are being served on counsel for Defendant Clark.

Id. at 2:5-12.

Plaintiffs' statements connote it is the Court's obligation to redact personal identifiers from parties' pleadings, which is a

misstatement of the Local Rule. Both Federal Rule of Civil Procedure 5.2(a) and Local Rule 140(a) impose the obligation to redact certain personal identifying information contained in filings on the filer, not the Court.

Further, Plaintiffs have evidently placed the Clerk of the Court in the awkward position of having to respond to their counsel's inquiry regarding temporarily remedying Plaintiffs' violation of these privacy rules by having the Clerk restrict public access to the exhibits until Plaintiffs could file the instant request, which invokes sealing procedures. It is understandable that the Clerk's Office responded to Plaintiffs' counsel's communication by temporarily sealing the documents, which contained an individual's full social security number.

Plaintiffs' sealing request is denied. However, the Clerk of the Court is directed to remove from the docket Exhibits A and B to the Complaint, ECF Nos. 1-1 and 1-2, respectively, since they contain identifying information prohibited by Rule 5.2(a) and Local Rule 140(a). See CBS, Inc. v. United States Dist. Court for the Cent. Dist. of Cal., 765 F.2d 823, 825-26 (9th Cir. 1985) (ordering "improvidently filed" document removed from the record and returned to the offering party); see also Fine v. Cambridge Int'l Sys., Inc., No. 12cv165 WQH (BGS), 2012 WL 2871656, at *2 (S.D. Cal. July 11, 2012) (referencing that motion containing information in violation of Rule 5.2 had been "removed from the docket").

Dated: March 8, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge