1  LAW OFFICE OF ROBERT A. CARICHOFF
   Robert A. Carichoff (SBN 211066)
2  1024 Iron Point Road
   Folsom, California  95630
3  Telephone:     (916) 357-6622
   Facsimile:      (916) 673-9426
4

5  Attorney for Defendant

6
                    UNITED STATES DISTRICT COURT
7                   EASTERN DISTRICT OF CALIFORNIA

8  

| ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company, and ANHEUSER-BUSCH, LLC, a Missouri limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES ALAN CLARK,<br><br>Defendant. | Case No.: 2:13-CV-00415-GEB-CKD<br><br>**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]**<br><br>Date:  May 6, 2013<br>Time:  9:00 a.m.<br>Courtroom:  10<br>Judge: Hon. Garland E. Burrell, Jr.<br>Trial:  Not set<br><br>**Jury Trial Demanded** |
|---|---|

### NOTICE OF MOTION AND MOTION

TO PLAINTIFFS ANHEUSER-BUSCH COMPANIES, LLC and ANHEUSER-BUSCH, LLC ("AB") AND THEIR ATTORNEY OF RECORD:

YOU AND EACH OF YOU will please take notice that at 9:00 a.m. on May 6, 2013 or as soon thereafter as counsel may be heard, before the Honorable Garland E. Burrell, Jr. in Courtroom 10 of the above entitled Court, located at 501 I Street, Sacramento, California 95814, Defendant JAMES ALAN CLARK ("Mr. Clark") will and hereby does move for an order dismissing AB's Third Cause of Action for Return of Personal Property for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion will be made on the grounds that AB's Third Cause of Action for Return of Personal Property is preempted by California's Uniform Trade Secrets Act.

This Motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, papers and records on file with this Court, and on such oral and documentary

1 | evidence as may be presented at the hearing of the Motion.

3 | Dated: March 28, 2013

                                                   LAW OFFICE OF ROBERT A. CARICHOFF

                                      By:  /s/ Robert A. Carichoff
                                             ROBERT A. CARICHOFF
                                             Attorney for Defendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

AB's Third Cause of Action for Return of Personal Property is preempted by the Uniform Trade Secrets Act because AB also makes a claim for misappropriation of trade secrets.  That Cause of Action therefore fails to state a claim upon which relief may be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  FACTS

The Complaint in this matter alleges as its Second Cause of Action Misappropriation of Trade Secrets.  (Complaint ¶¶ 31-39).  The Third Cause of Action is for the Return of Personal Property.  (Complaint ¶¶ 40-45).

Both claims are based upon the same nucleus of facts.  They both incorporate by reference all of AB's factual allegations stated in paragraphs 12-23 of the Complaint.  (Complaint ¶¶ 31 & 40).

AB's Second Cause of Action for Misappropriation of Trade Secrets alleges that Mr. Clark, "by wrongfully taking, disclosing, and/or using such confidential trade secret information . . . has knowingly misappropriated, disclosed, and wrongfully used [Defendants'] trade secrets in breach of his Confidentiality Agreements and duty of loyalty to [Defendants]."  (Complaint ¶ 34).

AB's Third Cause of Action for Return of Personal Property alleges that Defendants are "entitled to the immediate possession of all [Defendants'] confidential, proprietary, and/or ***trade secret information*** that was within Clark's possession or control . . . ."  (Complaint ¶ 42) (emphasis added).

It further alleges that Mr. Clark "wrongfully and without [Defendants'] consent took possession of confidential, proprietary, and/or ***trade secret information*** belonging to [Defendants and that Mr. Clark] disclosed confidential, proprietary, and/or ***trade secret information*** to others before or after his departure from the Company, and such information and/or materials remains in Clark's Control."  (Complaint ¶ 43) (emphasis added).

1  **III.    ANALYSIS**

2  AB's Third Cause of Action for Return of Personal Property is preempted by the

3  Uniform Trade Secrets Act and therefore fails to state a claim upon which relief may be

4  granted.

5  "[A] party may assert may assert the following defenses by motion . . . failure to state

6  a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

7  California's Uniform Trade Secrets Act provides as follows: "This title does not affect

8  (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2)

9  other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal

10 remedies, whether or not based upon misappropriation of a trade secret."  Cal. Civ. Code §

11 3426.7(b).

12 California and federal courts have repeatedly held that this language preempts

13 common law claims "based on the same nucleus of facts as the misappropriation of trade

14 secrets claim for relief."  *K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*,

15 171 Cal. App. 4th 939, 958 (2009) (holding a claims including breach of confidence,

16 interference with contract, and unfair competition were preempted as a result of the fact that

17 they were based on the same nucleus of facts as the misappropriation of trade secrets claim);

18 *see also Cacique, Inc. v. Robert Reiser & Co., Inc.*, 169 F3d 619, 624 (9th Cir. 1999)

19 (applying Calif. law); *Digital Envoy, Inc. v. Google, Inc.*, 370 F.Supp.2d 1025, 1035

20 (N.D.Cal., 2005) (holding that "California's statute, as persuasively interpreted in *Callaway*,

21 preempts Digital's claims for unfair competition and unjust enrichment since those claims are

22 based on the same nucleus of facts as the misappropriation of trade secrets claim for relief");

23 *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 318 F.Supp.2d 216, 219-20 (D

24 DE 2004) (applying Calif. law); *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210,

25 236, 109 CR3d 27, 51 (2010) *disapproved on other grounds in Kwikset Corp. v. Superior*

26 *Court*, 51 Cal. 4th 310, 337 (2011) (holding that a claim for conversion and another common

27 count based on obtaining certain property were preempted by the CUTSA).

28

In the current case, there is no question that AB's Third Cause of Action for Return of Personal Property is based upon the same nucleus of facts as its Second Cause of Action for Misappropriation of Trade Secrets. The Complaint incorporates the exact same set of facts in support of both claims. They both also allege that Mr. Clark wrongfully acquired and used AB's trade secrets. And finally, the Return of Personal Property claim repeatedly asserts that the claim is based upon Mr. Clark's activities relating to AB's "trade secret information."

It is clear from the face of the Complaint in this matter that AB's Third Cause of Action for Return of Personal Property is preempted by the California Uniform Trade Secrets Act because that claim is based upon the same nucleus of facts as its Second Cause of Action for Misappropriation of Trade Secrets. As a result, AB's Third Cause of Action fails to state a claim upon which relief may be granted and should be dismissed in accord with FRCP 12(b)(6).

## IV.   CONCLUSION

Defendant respectfully requests that this Court dismiss AB's Third Cause of Action for Return of Personal Property because that claim is preempted by its claim under the California Uniform Trade Secrets Act and thus fails to state a claim upon which relief may be granted.

Dated:  March 28, 2013

LAW OFFICE OF ROBERT A. CARICHOFF

By:   /s/ Robert A. Carichoff
      ROBERT A. CARICHOFF
      Attorney for Defendant