KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
MARCUS S. TOPEL (SBN 54702)
Email: mtopel@kasowitz.com
DANIEL F. COOK (SBN 70484)
Email: dcook@kasowitz.com
BRIAN P. BROSNAHAN (SBN 112894)
Email: bbrosnahan@kasowitz.com
JACOB N. FOSTER (SBN 250785)
Email: jfoster@kasowitz.com
101 California Street, Suite 2300
San Francisco, California 94111
Telephone:   (415) 421-6140
Facsimile:   (415) 398-5030

Counsel for Plaintiffs
ANHEUSER-BUSCH COMPANIES, LLC, and
ANHEUSER-BUSCH, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company, and ANHEUSER-BUSCH, LLC, a Missouri limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES ALAN CLARK, an individual,<br><br>Defendant. | Case No. 2:13-cv-00415-GEB-CKD<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date:   May 6, 2013<br>Time:   9:00 a.m.<br>Judge:  Hon. Garland E. Burrell, Jr.<br><br>Case Filed: March 1, 2013 |

## I.     INTRODUCTION

Defendant James Clark's ("Clark") motion to dismiss should be denied as premature because the Uniform Trade Secrets Act preempts other civil remedies only if they are based upon misappropriation of a trade secret.  Plaintiffs Anheuser-Busch Companies, LLC and Anheuser-Busch, LLC's (collectively, "Anheuser-Busch") claim for return of personal property, on the other hand, alleges that Clark stole non-trade secret confidential, proprietary, and/or trade secret information.  Rather than determine the issue now on a motion to dismiss, this Court should follow the well-reasoned decisions of numerous federal courts that have opted to await the development of evidence in discovery before determining whether other civil claims are duplicative of the claim for misappropriation of trade secrets.  Clark's tactics in this case illustrate the wisdom of the approach taken by these courts. Clark argues in his Memorandum in Support of Special Motion to Strike Plaintiffs' Strategic Litigation Against Public Participation (Dkt. 14-1) that none of the materials that he allegedly took constitutes a trade secret. *Id.* at 8-9.  Yet at the same time the premise of this motion is that Anheuser-Busch's Claim for Relief For Return of Personal Property should be dismissed because the only materials he allegedly took were trade secrets.  Courts reject such gamesmanship, recognizing that a Plaintiff is entitled to plead multiple and alternative theories, and allowing the Plaintiff to recover on the trade secret claim if trade secrets were taken, or on the personal property claim if non-trade secret materials were taken, or on both claims if the evidence establishes that both kinds of materials were taken.  Dismissing Anheuser-Busch's claim for return of personal property claim at this stage would leave the Court powerless to fashion an adequate remedy for Clark's unlawful conduct to the extent that it is not based on misappropriation of trade secrets.

## II.    ANHEUSER-BUSCH'S CLAIMS REGARDING CONFIDENTIAL, PROPRIETARY, AND/OR TRADE SECRET DOCUMENTS

Anheuser-Busch's Second Claim for Relief for Misappropriation of Trade Secrets alleges that Clark, "by wrongfully taking, disclosing, and/or using such confidential trade secret information . . . has knowingly misappropriated, disclosed, and wrongfully used Anheuser-Busch's  trade secrets …." Complaint (Dkt. 1) ("Compl.") ¶ 34.

1

Anheuser-Busch's Third Claim for Relief for Return of Personal Property is not limited to trade secret documents.  The third claim for relief alleges that Anheuser-Busch is "entitled to the immediate possession of all Anheuser-Busch confidential, proprietary, and/or trade secret information that was within Clark's possession or control . . . ."  Compl. ¶ 42.  Anheuser-Busch further alleges that Clark's misappropriation was not limited to trade secrets – he "wrongfully and without Anheuser-Busch's consent took possession of confidential, proprietary, and/or trade secret information belonging to Anheuser-Busch," and "disclosed such information to others before or after his departure from the Company."  Compl.  ¶ 43.  Further, such information and/or materials remain in Clark's control."  *Id*.

## III.   LEGAL STANDARD

California's Uniform Trade Secrets Act ("CUTSA") provides as follows: "This title does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b).  Pursuant to this provision, courts have held that the CUTSA "provides the exclusive civil remedy for conduct falling within its terms, so as to supersede other civil remedies 'based upon misappropriation of a trade secret.'"  *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010).

While state courts have adjudicated CUTSA preemption defenses on demurrer, there is "a divergence between the law of this state and the pleading rules applied in federal cases . . . where the dismissal of common law claims on grounds of UTSA supersession was deemed 'premature.'" *Silvaco*, 184 Cal. App. 4th at 238.  If the complaint identifies a basis for a return of personal property claim that is not solely based on a trade secret, it is premature to preempt the cause of action at the motion to dismiss stage because discovery may illuminate that the return of personal property claim is not based entirely on misappropriation of a trade secret.  *Ali v. Fasteners for Retail, Inc*., 544 F.Supp.2d 1064, 1072 (E.D. Cal. 2008); *Cenveo v. Slater*, 2007 U.S. Dist. LEXIS 9966, *13 (E.D. Pa., Feb. 12, 2007).  This is particularly true because courts are required to construe the pleading in the light most favorable to the plaintiff, which, in this context, requires

claims to be construed not to be preempted by the CUTSA. *Kovesdy v. Kovesdy*, 2010 U.S. Dist. LEXIS 100940, *10 (N.D. Cal. Sep. 13, 2010).

## IV. ARGUMENT

The Court should deny the motion to dismiss because Anheuser-Busch's claim for return of personal property encompasses claims that are in addition to, or serve as an alternative to, its misappropriation of trade secrets claim. Anheuser-Busch's claim alleges that it is "entitled to the immediate possession of all [Plaintiffs'] confidential, proprietary, and/or trade secret information that was within Clark's possession or control . . . ." Compl. ¶ 42. To the extent that the return of personal property claim is not based solely on the misappropriation of trade secrets, it is not subject to preemption.

The court's decision in *Phoenix Techs.*, *Ltd. v.* Device, VM 2009 U.S. Dist. LEXIS 114996 at *5-6 (N.D. Cal. Dec. 8, 2009), is instructive. In *Phoenix Techs.*, the plaintiff employer alleged that a former employee misappropriated its confidential information, and brought claims for, inter alia, breach of contract, conversion, and misappropriation of trade secrets. *Id.* There, as here, the defendant employee argued that the CUTSA preempted all other civil claims. *Id.* The court rejected the defendant's argument and held as follows:

> [I]f the alleged confidential information upon which the claims were based proved to be protectable trade secrets, the claims would be preempted, but, to the extent that the claims were based on confidential information that was not a trade secret, the claims could go forward . . . To the extent that the trade secrets claim does not allege that it is based on Defendants' misappropriation of all of its Proprietary Information, the allegations in the tort and UCL claims are not based on the same operative of nucleus facts as the trade secrets claim. Furthermore, because the Agreement specifically defines "Proprietary Information" to include forms of protected property interests other than trade secrets, Defendants were on notice that they could be liable for claims in addition to trade secrets violations . . . Plaintiff also argues that it may plead alternate theories of recovery so that it could plead the tort and UCL claims in addition to the trade secrets claim. To the extent these claims are not based on appropriation of trade secrets, they may go forward. Although most of the allegations in the FAC supporting Plaintiff's UCL and tort claims concern Defendants' misuse of information that appears to fall within the definition of a "trade secret" under CUTSA, the Court will construe those claims as based on those facts that are not part of the nexus that forms the basis for their CUTSA claim. If, following discovery, there is not sufficient evidence to support these claims based on a distinct nexus of facts, Defendants may move for summary judgment at that time.

3

1  *Id*. at *12-15.

2  Numerous other courts have similarly denied motions to dismiss where the plaintiff alleges that misappropriation of trade secrets is only one of the grounds for his/her common law civil claims.  *PQ Labs, Inc. v. Yang Qi*, 2012 U.S. Dist. LEXIS 79354, *12 (N.D. Cal. June 7, 2012) ("If a claim is based on confidential information other than a trade secret, as that term is defined in CUTSA, it is not preempted.") (*quoting First Advantage Background Services Corp. v. Private Eyes, Inc*., 569 F. Supp. 2d 929, 942 (N.D. Cal. 2008); *Strayfield Ltd. v. RF Biocidics, Inc*., 2012 U.S. Dist. LEXIS 6317, *1 (E.D. Cal. Jan. 19, 2012) ("At this stage, the court cannot disregard plaintiff's allegations that defendants misappropriated non-trade secret intellectual property, as that is a factual matter inappropriate for resolution at this stage."); *Ali*, 544 F.Supp.2d at 1072 (holding that "it would be premature to hold that CUTSA preempts Plaintiff's conversion claim"); *Cenveo*, 2007 U.S. Dist. LEXIS 9966 at *13–14 (denying motion to dismiss because preemption "may be addressed at the summary judgment stage, where a court may appropriately make a finding as to whether the information in question is a trade secret, or even in the jury instruction, where a court could charge a jury to award liability in tort if it finds the information is not a statutorily protected trade secret and under the PTSA if it finds that the information is a trade secret."); *ClearOne Communs., Inc. v. Chiang*, 2007 U.S. Dist. LEXIS 91693, *11 (D. Utah Dec. 13, 2007) ("It is not appropriate for the court to rule at this early stage that ClearOne has no viable claim for trade secret misappropriation against Biamp."); *Weiss v. Fiber Optic Designs, Inc*., 2007 U.S. Dist. LEXIS 83585, *4 (E.D. Pa. Nov. 9, 2007) ("Dismissing these claims now would require the court to make a determination that Weiss's conduct constitutes misappropriation and that the misappropriated information at issue was a trade secret. That would be inappropriate at this stage in the litigation.").  Here, Anheuser-Busch alleges that Clark misappropriated its confidential, proprietary, and/or trade secret information.  Clark's motion to dismiss is premature because Anheuser-Busch's return of personal property claim is not based solely on the misappropriation of trade secrets.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

## V. CONCLUSION

For the foregoing reasons, the Court should deny the motion to dismiss.

DATED: April 22, 2013           KASOWITZ, BENSON, TORRES & FRIEDMAN LLP


                                By:        /s/ Marcus S. Topel
                                    Marcus S. Topel
                                    Counsel for Plaintiffs
                                    ANHEUSER-BUSCH COMPANIES, LLC and
                                    ANHEUSER-BUSCH, LLC