KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
MARCUS S. TOPEL (SBN 54702)
Email: mtopel@kasowitz.com
DANIEL F. COOK (SBN 70484)
Email: dcook@kasowitz.com
BRIAN P. BROSNAHAN (SBN 112894)
Email: bbrosnahan@kasowitz.com
JACOB N. FOSTER (SBN 250785)
Email: jfoster@kasowitz.com
101 California Street, Suite 2300
San Francisco, California 94111
Telephone:    (415) 421-6140
Facsimile:    (415) 398-5030

Counsel for Plaintiffs
ANHEUSER-BUSCH COMPANIES, LLC, and
ANHEUSER-BUSCH, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company, and ANHEUSER-BUSCH, LLC, a Missouri limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES ALAN CLARK, an individual,<br><br>Defendant. | Case No. 2:13-cv-00415-GEB-CKD<br><br>**PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPECIAL MOTION TO STRIKE**<br><br>Case Filed: March 1, 2013<br><br>Date: May 6, 2013<br>Time: 9:00 a.m.<br>Judge: Hon. Garland E. Burrell, Jr. |

Plaintiffs Anheuser-Busch Companies, LLC and Anheuser-Busch, LLC ("Anheuser-Busch"), hereby opposes in part the defendant's request for judicial notice of the class action complaint in *Giampaoli v. Anheuser-Busch Companies, LLC,* No. CIV-13-0828-EMC (N.D. Cal., March 29, 2013).  Although not explicitly stated, defendant Clark seeks to have this Court take judicial notice not only of the fact of the filing of the *Giampaoli* complaint, but also to take judicial notice of the allegations of that complaint as if they are true.   Defendant's Memorandum In Support Of Special Motion To Strike at 1-3, 6-7, 12.  As to the former – the mere fact of the filing of the *Giampaoli* complaint – Anheuser-Busch does not object to taking judicial notice of the mere fact of the filing of the *Giampaoli* complaint as that is not in dispute.  However, as to the latter – taking judicial notice of the allegations of the *Giampaoli* complaint as true – Anheuser-Busch does oppose taking such judicial notice of any allegation in the complaint being true.  The allegations of the *Giampaoli* complaint are disputed by Anheuser-Busch.   Such disputed complaint allegations are not properly subject to judicial notice.

Federal Rules of Evidence, Rule 201 provides, in relevant part:

(a)   Scope. This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
(b)   Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
  (1)   is generally known within the trial court's territorial jurisdiction; or
  (2)   can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Such disputed complaint allegations are not properly subject to judicial notice as true as such allegations are subject to dispute and their accuracy is subject to question.  A court may not take judicial notice of a fact that is subject to reasonable dispute.  *Lee v. City of Los Angeles,* 250 F.3d 668, 689 (9th Cir. 2001).  A court may take judicial notice of a complaint filed in another court that a complaint exists and was filed, but a court cannot take judicial notice of any of the facts alleged within those complaints**,** because such facts are subject to reasonable dispute. *Citi*

1

Plaintiffs' Partial Opp. to Def's Req for Judicial Notice ISO Mot to Strike        Case No. 2:13-cv-00415-GEB-CKD

*Apts., Inc. v. Markel Ins. Co.,* 2007 U.S. Dist. LEXIS 44469 at *20 n.4 (N.D. Cal., July 11, 2007); *Menjivar v. Trophy Props. IV DE, LLC*, 2006 U.S. Dist. LEXIS 76245 at *29 (N.D. Cal., October 10, 2006); *Simmons v. Am. Airlines,* 2002 U.S. Dist. LEXIS 1173, 2002 WL 102604 at *1 (N.D. Cal., January 23, 2002).  A court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."  *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (9th Cir. 1992).

Thus, taking judicial notice of only the fact of filing of the *Giampaoli* complaint may be proper as not disputed.  However, Anheuser-Busch opposes taking, and it would be improper for this Court to take, judicial notice of the truth of the matters alleged in the *Giampaoli* complaint.  Accordingly, the request for judicial notice should be denied at least as to the request to take judicial notice of the truth of the matters alleged in the *Giampaoli* complaint.

DATED:  April 22, 2013            Respectfully submitted,

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP


By:_____/s/_____
     Marcus S. Topel
     Counsel for Plaintiffs
     ANHEUSER-BUSCH COMPANIES, LLC and
     ANHEUSER-BUSCH, LLC