KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
MARCUS S. TOPEL (SBN 54702)
Email:  mtopel@kasowitz.com
DANIEL F. COOK (SBN 70484)
Email:  dcook@kasowitz.com
BRIAN P. BROSNAHAN (SBN 112894)
Email:  bbrosnahan@kasowitz.com
JACOB N. FOSTER (SBN 250785)
Email:  jfoster@kasowitz.com
101 California Street, Suite 2300
San Francisco, California 94111
Telephone:      (415) 421-6140
Facsimile:      (415) 398-5030

Counsel for Plaintiffs
ANHEUSER-BUSCH COMPANIES, LLC, and
ANHEUSER-BUSCH, LLC

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company, and ANHEUSER-BUSCH, LLC, a Missouri limited liability company,<br><br>                    Plaintiffs,<br><br>     v.<br><br>JAMES ALAN CLARK, an individual,<br><br>                    Defendant. | Case No. 2:13-cv-00415-GEB-CKD<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFFS' STRATEGIC LAWSUIT AGAINST PUBLIC PARTICIPATION**<br><br>Case Filed: March 1, 2013<br><br>Date:  May 6, 2013<br>Time:  9:00 a.m.<br>Judge:  Hon. Garland E. Burrell, Jr. |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................................ 1

II.    STATEMENT OF FACTS ......................................................................................... 2

    A.    Clark's Employment at Anheuser-Busch ...................................................... 2

    B.    Clark's Signed Confidentiality Agreements ................................................. 2

    C.    Clark Repeatedly Affirms That He Is Not Aware Of Any Instance Where Anheuser-Busch Violated The Law ...................................................... 2

    D.    Clark Prints And Downloads Confidential Anheuser-Busch Documents While Preparing To Leave The Company ...................................................... 3

    E.    After Leaving The Company, Clark Uses A Current Anheuser-Busch Employee To Misappropriate Confidential Information .................................. 4

    F.    Within Weeks Of Clark Obtaining Anheuser-Busch's Confidential And Trade Secret Information, The Mills Law Firm Sends Demand Letters To Anheuser-Busch ...................................................................................... 4

    G.    Clark Refuses To Certify As Required By His Confidentiality Agreements ........... 5

    H.    The Mills Law Firm Returns The Document Clark Obtained From Mr. Azevedo ...................................................................................................... 6

    I.    Counsel For Clark Falsely Represents That Clark Obtained The Beer Specifications Document From An "Anonymous Whistleblower" ................... 6

III.   LEGAL STANDARD ................................................................................................ 7

IV.    CLARK's CONDUCT IS NOT PROTECTED BY THE ANTI-SLAPP STATUTE ......... 8

    A.    Clark's Conduct Is Not Protected Because It Is Illegal ................................ 8

    B.    Clark's Conduct Is Not Protected Because It Is Not "Arising From" A Protected Activity ........................................................................................ 10

V.     CLARK'S MOTION SHOULD BE DENIED BECAUSE ANHEUSER-BUSCH HAS ESTABLISHED THAT ITS CLAIMS HAVE THE "MINIMAL MERIT" REQUIRED UNDER CALIFORNIA LAW ............................................................... 11

    A.    Anheuser-Busch's Breach Of Contract Claim ............................................ 12

        1.    Anheuser-Busch Has A Probability Of Prevailing .......................... 12

        2.    Clark Is Incorrect In Arguing That The Confidentiality Agreements Are Unenforceable ................................................... 13

    B.    Anheuser-Busch's Misappropriation Of Trade Secrets Claim ..................... 15

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

        1.     Anheuser-Busch Has A Probability Of Prevailing ...................................... 15

        2.     Clark's Conduct Is Not Protected By Any Privilege Or Protection ............ 16

   C.     Anheuser-Busch's Return Of Personal Property Claim ........................... 18

VI.    CONCLUSION ........................................................................................... 19

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Plaintiffs' MPA In Opposition To Motion To Strike           Case No. 2:13-cv-00415-GEB-CKD

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abernathy v. Walgreen Co.*,
836 F. Supp. 817 (S.D. Fla. 1992) ................................................................. 13

*Adler v. Taylor*,
2005 U.S. Dist. LEXIS 5862 (C.D. Cal. 2005) .......................................... 18

*Alderson v. United States*,
718 F. Supp. 2d 1186 (C.D. Cal. 2010) ...................................................... 14

*Art of Living Found. v. Doe*,
2012 U.S. Dist. LEXIS 61582 (N.D. Cal. May 1, 2012) ........................... 16

*Baker v. Ga. Power Co.*,
1980 U.S. Dist. LEXIS 16981 (N.D. Ga. Aug. 27, 1980) ......................... 13

*Briggs v. Eden Council for Hope & Opportunity*,
19 Cal. 4th 1106 (1999) ............................................................................... 11

*Conn v. Superior Court*,
196 Cal. App. 3d 774 (1987) ................................................................. 17, 18

*CytoDyn of Mexico, Inc. v. Amerimmune Pharmaceuticals, Inc.*,
160 Cal. App. 4th 288 (2008) ...................................................................... 15

*Equilon Enterprises v. Consumer Cause, Inc.*,
29 Cal. 4th 53 (2003) ................................................................................... 10

*Flatley v. Mauro*,
39 Cal. 4th 299 (2006) ..................................................................... 8, 11, 12

*Fran-Well Heater Co. v. Robinson*,
182 Cal. App. 2d 125 (1960) ....................................................................... 18

*Gallimore v. State Farm Fire & Casualty Ins. Co.*,
102 Cal. App. 4th 1388 (2002) .............................................................. 10, 11

*Hodgson v. Texaco Inc.*,
440 F.2d 662 (5th Cir. 1971) ....................................................................... 13

*In re Ashworth, Inc. Secur. Litig.*,
213 F.R.D. 385 (S.D. Cal. 2002) ................................................................. 17

*JDS Uniphase Corp. v. Jennings*,
473 F. Supp. 2d 697 (E.D. Va. 2007) ............................................... 7, 13, 14

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

*Jefferies v. Harris County Cmty. Action Ass'n,*
   615 F.2d 1025 (5th Cir. 1980) ................................................................. 13

*Makaeff v. Trump University,*
   Case No. 11-55016, *11 (9th Cir. 2013) ................................................. 7

*Martinez v. Metabolife Internat., Inc.,*
   113 Cal. App. 4th 181 (2003) ................................................................. 10

*Metabolife Int'l, Inc. v. Wornick,*
   264 F.3d 832, 840 (9th Cir. 2001) ......................................................... 7

*Navellier v. Sletten,*
   29 Cal. 4th 82 (2002) ......................................................................... 7, 11

*Oasis West Realty, LLC v. Goldman,*
   51 Cal. 4th 811 (2011) ...................................................................... 11, 12

*Paul for Council v. Hanyecz,*
   85 Cal. App. 4th 1356 (2001) ................................................................. 12

*People ex rel. Dept. of Public Works v. Donovan,*
   57 Cal.2d 346 (1962) ............................................................................. 16

*Pillsbury, Madison & Sutro v. Schectman,*
   55 Cal. App. 4th 1279 (1997) ....................................................... 7, 17, 18

*Saini v. Int'l Game Tech.,*
   434 F. Supp. 2d 913 (D. Nev. 2006) ...................................................... 13

*Shade v. Gorman,*
   2009 U.S. Dist. LEXIS 8554 (N.D. Cal. Jan. 28, 2009) ...................... 7, 11

*Thornbrough v. Western Placer Unified Sch. Dist.,*
   2010 U.S. Dist. LEXIS 53136 (E.D. Cal. May 27, 2010) ........................ 7

*United States v. Barnett,*
   667 F.2d 835 (9th Cir. 1980) ................................................................. 11

*Upjohn Co v. United States,*
   449 U.S. 383 (1981) .............................................................................. 17

*Wang v. Wal-Mart Real Estate Business Trust,*153
   Cal. App. 4th 790 (2007) ...................................................................... 11

*World Financial Group, Inc. v. HBW Insurance & Financial Services, Inc.,*
   172 Cal. App. 4th 1561 (2009) .............................................................. 10

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1

**STATUTES**

2

Cal. Bus. & Prof. Code §25204(a) ............................................................... 15

3

Cal. Code Civ. Proc., § 511.010-516.050 .................................................. 17

4

Cal. Penal Code § 484 ................................................................................... 8

5

Cal. Penal Code § 499c ............................................................................. 8, 9

6

7

Cal. Penal Code § 499c (a)(2) ...................................................................... 9

8

Cal. Penal Code § 499c(b)(1) ....................................................................... 9

9

Cal. Penal Code § 499c(b)(2) ....................................................................... 9

10

Cal. Penal Code § 499c(c) ............................................................................ 9

11

**OTHER AUTHORITIES**

12

27 C.F.R. § 7.71 ............................................................................................ 5

13

27 C.F.R. §7.71(c) ...................................................................................... 15

14

4 C.C.R. § 130 ............................................................................................ 15

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

**I.      INTRODUCTION**

Defendant James Clark's ("Clark") motion to strike should be denied.  Clark generated a series of consumer class actions against Plaintiffs Anheuser-Busch Companies, LLC and Anheuser-Busch, LLC (collectively, "Anheuser-Busch") for his own financial and professional gain.  Clark's wrongful acts include providing confidential information to third parties, and misappropriation of a confidential Anheuser-Busch document.  While Clark and his co-counsel in class action lawsuits against Anheuser-Busch have admitted obtaining Anheuser-Busch's beer specifications, both have falsely claimed that they received this information from an "anonymous whistleblower" – when in fact it was Clark himself who took these valuable confidential or trade secret information and provided it to others.  The unlawful conduct committed by Clark is conclusively established by computer forensics, as outlined in sworn declarations, and other evidence submitted in connection with Anheuser-Busch's opposition to this motion.  The evidence demonstrates that Clark violated multiple provisions of the California Penal Code.

In light of Clark's unlawful conduct, his motion to strike strategic lawsuit against public participation ("anti-SLAPP motion") is without merit.  An anti-SLAPP motion should be granted only if: (1) the defendant shows that the claim for relief arises from an act in furtherance of petition or free speech rights protected by the anti-SLAPP statute; and, (2) the plaintiff fails to demonstrate that the claim for relief has minimal merit.  Clark fails to meet his burden under the first prong because the California Supreme Court has held that illegal conduct is not protected by the statute.  Under the second prong, the evidence of Clark's unlawful conduct is more than sufficient to demonstrate that Anheuser-Busch's claims for breach of contract, misappropriation of trade secrets, and return of personal property have the "minimal merit" required under California law.  Courts routinely condemn self-help discovery by former employees who attempt to justify their misappropriation of company documents on the grounds of purported protected activity.  If Clark's conduct were permitted, employees would be licensed to steal confidential, proprietary and trade secret information from their employer with impunity, while knowing they could later argue that they needed the information for lawsuits against their employers.  That is not the law.

The reality here is that after attending Lincoln Law School while employed at Anheuser-Busch, Clark developed a new "business" plan – resign from the company, misuse and misappropriate confidential,  proprietary or trade secret information, and communicate that information to others in an attempt to manufacture a class action payday.  This Court should deny Clark's motion and condemn his misappropriation of Anheuser-Busch's confidential, proprietary, or trade secret information in the strongest possible terms.

## II.   STATEMENT OF FACTS

### A.   Clark's Employment at Anheuser-Busch

Clark is a former employee of Anheuser-Busch, having been employed from or about November of 1998 until June of 2012.  Declaration of James A. Clark In Support Of His Special Motion To Strike ("Clark Decl."), ¶1.  During these time periods, Clark worked in several Anheuser-Busch facilities, including but not limited to, breweries in: (1) Columbus, Ohio; (2) Van Nuys, California; (3) Fort Collins, Colorado; (4) Fairfield, California; and, (5) St. Louis, Missouri. *Id.*, ¶ 2.

### B.   Clark's Signed Confidentiality Agreements

Clark signed an Employee Agreement As To Intellectual Property and Confidentiality" ("Confidentiality Agreement") on two separate occasions, November 2, 1998 and June 8, 1999.  Paragraph 7 is particularly pertinent here.  Paragraph 7 of the Confidentiality Agreements prohibited Clark, at any time during or after his employment at Anheuser-Busch, from using any Confidential Information for his own benefit or disclosing any Confidential Information to anyone outside the Company.  Finally, Paragraph 7 of the Confidentiality Agreements also required Clark, upon request for a period of three years following the termination of his employment with Anheuser-Busch, to certify under oath in writing that he had not disclosed or used in any way any Confidential Information.

### C.   Clark Repeatedly Affirms That He Is Not Aware Of Any Instance Where Anheuser-Busch Violated The Law

Despite being made aware of avenues to report any violations by Anheuser-Busch, Clark never filed any internal complaint.   Declaration of Merrily Ray ("Ray Decl."), ¶¶ 4-9 & Exs. A-D.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

2

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1  Exactly to the contrary, Clark repeatedly confirmed on an annual basis that he was unaware of any

2  Company violation of alcohol beverage laws.  *Id.*  Each year from at least 2010-2011, Clark

3  received Code of Business Conduct e-Training from Anheuser-Busch.  *Id.*, ¶¶ 6-7.  Each year,

4  Clark certified that he was not aware of any instance where Anheuser-Busch was violating alcohol

5  beverage laws or regulations.  Id., at ¶¶ 4-9.

**D.  Clark Prints And Downloads Confidential Anheuser-Busch Documents While Preparing To Leave The Company**

Clark resigned from Anheuser-Busch in June 2012.  Clark Decl. ¶3.  One month prior, on

May 1, 2012, Clark accessed an Anheuser-Busch confidential or trade secret document from his

work computer.  Declaration of David Scroggs ("Scroggs Decl."), ¶ 6.  This document contains a

wide range of confidential or trade secret information about Anheuser-Busch's beer specifications,

including but not limited to, information regarding a variety of characteristics for each of

Anheuser-Busch's products.[1]  Declaration of Kristi Skinner ("Skinner Decl.") at ¶¶ 3-4.   Clark

printed the document two times to an office printer, and saved a copy of the document to a

personal storage device.  Scroggs Decl., ¶¶ 5-6.

Minutes later, Clark accessed the website "www.topclassactions.com."[2]  Scroggs Decl., ¶

6.  While on the website, Clark downloaded a California class action complaint, printed a copy,

and saved a copy to the same personal storage device.  *Id.*  That complaint was filed by Robert

Bramson, Esq., of the law firm Bramson, Plutzik, Mahler & Birkhaeuser.  *Id.*, ¶ 6 & Ex C.  Mr.

Bramson is now counsel of record for the plaintiffs in the California class action lawsuit against

Anheuser-Busch, the action Clark says was his first after leaving Anheuser-Busch.  Clark Decl ¶ 4

Clark acknowledges that he sought out this law firm after resigning from Anheuser-Busch.  *Id.*  In

addition, on May 30, 2012, ten days before he left the Company, Clark visited The Mills Law

Firm's website while at work, accessing both the "Firm Leadership" and "Contact Us" pages.

Scroggs Decl., ¶ 7.

---

[1]  This document is referred to internally at Anheuser-Busch as "Page 13."

[2]  According to the website, "Top Class Actions created a nationwide Attorney Network to connect consumers interested in filing lawsuits to attorneys."  *See* http://www.topclassactions.com/attorney.

3

**E.**   **After Leaving The Company, Clark Uses A Current Anheuser-Busch Employee To Misappropriate Confidential Information**

On November 21, 2012, when no longer employed by Anheuser-Busch, Clark contacted a current Anheuser-Busch employee named Michael Azevedo, who used to work for Clark.  Clark requested that Mr. Azevedo send him a copy of a confidential or trade secret document pertaining to Anheuser-Busch's beer specifications – the same document Clark printed and downloaded in May.[3]  Declaration of Michael Azevedo ("Azevedo Decl."), ¶ 2; Scroggs Decl., ¶ 6 & Ex B.  In response to Clark's request, Mr. Azevedo accessed the document from his work computer and printed a copy.  Azevedo Decl., ¶ 2.; Scrogss Decl., ¶¶ 3-4.  After printing the document, Mr. Azevedo, a few days later, mailed the hard copy to Clark at an address provided by Clark during the phone call.  Azevedo Decl., ¶ 2,.

Mr. Azevedo never requested permission, and did not receive authorization from his supervisor or any other person at Anheuser-Busch, prior to sending a copy of the confidential or trade secret document to Clark.  Azevedo Decl., ¶ 3.  Mr. Azevedo knew at the time that the document was confidential, and that sending it to Clark violated his employee confidentiality agreement.  *Id*.

**F.**   **Within Weeks Of Clark Obtaining Anheuser-Busch's Confidential And Trade Secret Information, The Mills Law Firm Sends Demand Letters To Anheuser-Busch**

Within a few weeks of Clark obtaining the confidential or trade secret information from Mr. Azevedo, The Mills Law Firm sent a demand letter to Anheuser-Busch.  Declaration of Marcus S. Topel ("Topel Decl."), ¶ 3 & Ex. B (12/18/12 Mills Letter).  The letter alleges that Anheuser-Busch produces malt beverages that contain "less alcohol by volume than is stated on your containers and labels."  *Id*.  The letter demanded a replacement, refund, or other applicable relief on behalf of all California purchasers of Anheuser-Busch products within the past four years.  *Id*.  Similar demand letters were soon sent by lawyers claiming to represent consumers in other states.  *Id*.

---

[3] Clark had agreed to provide legal services for Azevedo's son, who was going through a divorce.  Topel Decl., ¶2.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1    On January 17, 2013, counsel for Anheuser-Busch responded to the letter by writing that

2    there was no valid legal claim because "federal law requires alcohol beverage content to be

3    published in statements of alcohol by volume, and those statements (for products containing 0.5

4    percent or more ABV) are allowed a tolerance of 0.3 percent above or below the stated percentage

5    of ABV.  *See* 27 C.F.R. § 7.71.  Anheuser-Busch labels its products in conformity with this federal

6    law, as well as applicable state law."  Topel Decl., ¶4 & Ex. C (1/17/13 Jackson Letter).

7    **G.**    **Clark Refuses To Certify As Required By His Confidentiality Agreements**

8    After conducting an internal investigation, on February 8, 2013, Anheuser-Busch invoked

9    the certification provision of Clark's Confidentiality Agreements, and requested that Clark provide

10   a written certification under oath that he had not used or disclosed, in any way, any confidential,

11   proprietary, and/or trade secret information learned or obtained during his employment. Topel

12   Decl., ¶ 5 & Ex. D.

13   On February 14, 2013, counsel for Clark wrote that Clark "will attempt to comply with

14   [Anheuser-Busch's] request."  Topel Decl., ¶ 6 & Ex. E.  Counsel for Clark requested additional

15   time and clarification about the scope of the certification because "[a] discussion about a tough

16   day at work . . . or any other sort of innocuous communication falls within that definition of

17   'confidential.'"  *Id*.

18   On February 15, 2013, Anheuser-Busch replied by agreeing to provide Clark additional

19   time to provide the requisite certification, and by noting that the confidential information protected

20   by the agreement clearly included information relating to the manufacturing processes of

21   Anheuser-Busch's products.  Topel Decl., ¶ 7 & Ex. F.

22   On February 19, 2013, counsel for Clark transmitted a letter to Anheuser-Busch conveying

23   Clark's refusal to provide the written certification required by the Confidentiality Agreements.

24   Topel Decl., ¶ 8 & Ex. G.  Instead, Clark denied that he had provided any Anheuser-Busch

25   *competitor, vendor or supplier* with any Anheuser-Busch trade secret or confidential information

26   *since the end of his employment with the Company.  Id*.  Clark also stated that he "discarded all

27   Anheuser-Busch documents in his possession at the end of his employment with the company."

28

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Plaintiffs' MPA In Opposition To Motion To Strike          Case No. 2:13-cv-00415-GEB-CKD

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1   *Id*.  No written certification under oath, as required by Clause 7 of the Confidentiality Agreements,

2   has been provided to the Company.  *Id*.

3   **H.   The Mills Law Firm Returns The Document Clark Obtained From Mr.**
    **Azevedo**

4
    On the day that Clark refused to provide certification, Anheuser-Busch sent

5   correspondence to The Mills Law Firm requesting the return of any confidential proprietary or

6   trade secret information and documents belonging to Anheuser-Busch.  Topel Decl. ¶ 9 & Ex. H.

7   In response to Anheuser-Busch's letter, The Mills Law Firm returned a copy of the beer

8   specifications document.  *Id*., ¶ 10 & Ex I.  Through computer forensics, including server/printer

9   logs and verification of identifying characteristics such as a time-stamp, Anheuser-Busch

10  confirmed that the document The Mills Firm returned is in fact the actual document (or a copy

11  thereof) that Clark obtained from Mr. Azevedo.  Scroggs Decl., ¶¶ 3-4 & Ex. A.  Despite this, in

12  the cover letter returning the document, The Mills Law Firm wrote (falsely) that it was returning

13  "a single document received from an anonymous whistleblower."  Topel Decl., ¶ 9 & Ex. H

14  (2/21/13 Letter).

15  On February 27, 2013, counsel for Anheuser-Busch met with Mr. Azevedo.  Azevedo

16  Decl.; Topel Decl. ¶ 2.   Mr. Azevedo admitted that he had retrieved and printed the document that

17  The Mills Law Firm had returned.  Azevedo Decl., ¶ 2.  Mr. Azevedo signed a declaration under

18  penalty of perjury admitting that he provided this document to Clark following their telephone

19  conversation in November 2012.  Azevedo Decl., ¶¶2-5.

20  Although counsel for Anheuser-Busch also sent correspondence requesting the return of

21  confidential documents to other counsel involved in the class action lawsuits, none have

22  responded besides The Mills Law Firm.  Topel Decl., ¶ 3.

23  **I.   Counsel For Clark Falsely Represents That Clark Obtained The Beer**
    **Specifications Document From An "Anonymous Whistleblower"**

24
    Anheuser-Busch filed this action against Clark on March 1, 2013.  On March 12, 2013,

25  counsel for Clark inquired of counsel for Anheuser-Busch regarding the possibility of settling the

26  instant case.  Topel Decl., ¶ 11.  On March 15, 2013, counsel for Mr. Clark informed counsel for

27

28

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1   Anheuser Busch that Clark was working as a lawyer on the class action litigation against Anheuser

2   Busch as part of an arrangement that he reached with The Mills Law Firm.  *Id.*  Counsel for Clark

3   admitted that Clark had provided the aforementioned document to The Mills Law Firm, but stated

4   that Clark had obtained the document from an "anonymous whistleblower."  *Id.*

5   **III.    LEGAL STANDARD**

6          The purpose of the anti-SLAPP statute is to prevent meritless litigation designed to chill

7   the exercise of First Amendment rights.  *Makaeff v. Trump University*, Case No. 11-55016, *11

8   (9th Cir. 2013) (for publication).  To prevail on an anti-SLAPP motion, the moving defendant

9   must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the

10   defendant's constitutional rights to petition and to free speech.  *Id*.  If the moving defendant makes

11   a prima facie showing, the burden then shifts to the plaintiff to establish a reasonable probability

12   that it will prevail on its claim.  *Id*.  *See also Thornbrough v. Western Placer Unified Sch.*

13   *Dist.*, 2010 U.S. Dist. LEXIS 53136, *7-8 (E.D. Cal. May 27, 2010).  Under this standard, the

14   claim should be dismissed only if the "plaintiff presents an insufficient legal basis for it, or if, on

15   the basis of the facts shown by the plaintiff, no reasonable jury could find for the plaintiff."

16   *Makaeff*, at *11 (citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001).  The

17   anti-SLAPP statute "poses no obstacle to suits that possess minimal merit."  *Navellier v. Sletten*,

18   29 Cal. 4th 82, 93-95 (2002); *Shade v. Gorman*, Jan. 28, 2009 U.S. Dist. LEXIS 8554, *18 (N.D.

19   Cal. 2009) (favorably citing *Navellier* and stating: "The California Supreme Court has emphasized

20   that the plaintiff's burden is minimal.").  Unless Clark prevails on both prongs, the Court must

21   deny his motion.

22          In cases where, as here, an employee engaged in self-help theft of documents belonging to

23   their former employer, courts have little difficulty rejecting the argument that the employees'

24   crimes are insulated from liability due to their desire to expose alleged wrongdoing by their former

25   employer.  *See, e.g.*, *Pillsbury, Madison & Sutro v. Schectman*, 55 Cal. App. 4th 1279, 1289

26   (1997); *JDS Uniphase Corp. v. Jennings*, 473 F. Supp. 2d 697, 701-02 (E.D. Va. 2007).

27

28

IV.    **CLARK'S CONDUCT IS NOT PROTECTED BY THE ANTI-SLAPP STATUTE**

A.    <u>**Clark's Conduct Is Not Protected Because It Is Illegal**</u>

The California Supreme Court has held that a defendant's conduct is not protected by the SLAPP statute if he/she has engaged in illegal activity.  *Flatley v. Mauro*, 39 Cal. 4th 299 (2006). The Court held as follows:

> [A] defendant whose assertedly protected speech or petitioning activity was illegal as a matter of law, and therefore unprotected by constitutional guarantees of free speech and petition, cannot use the anti-SLAPP statute to strike the plaintiff's complaint.

*Id.* at 305.

The evidence demonstrates that Clark violated numerous provisions of the California Penal Code in misappropriating confidential and trade secret information, and using it for his own personal gain.  P.C. §484, § 499c.

California Penal Code section 484 provides that a person commits theft if they (1) "fraudulently appropriate property which has been entrusted to him or her," or "(2) knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of . . . personal property."  P.C. §484.

While employed at Anheuser-Busch, Clark printed a confidential or trade secret document multiple times, and downloaded it to a personal storage device.  Scroggs Decl., ¶¶ 5-6 & Ex. B. The compelling inference is that Clark was taking this information with the purpose of bringing a class action lawsuit against his employer.  Clark was preparing to leave the company, and printed and downloaded this confidential or trade secret document within minutes of accessing a class action website, and retrieving a class action complaint previously filed by Mr. Bramson, the attorney whom Clark sought out and subsequently became counsel of record in one of the cases Clark orchestrated against Anheuser-Busch.  Scroggs Decl., ¶¶ 5-6 & Exs B & C;  Clark Decl., ¶ 4.

Section 499c defines a trade secret as information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (A) derives independent economic value, actual or potential, from not being generally known to the public or to other

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

8

persons who can obtain economic value from its disclosure or use; and (B) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. The subject document constitutes a trade secret under Penal Code section 499c because it contains Anheuser-Busch's proprietary beer specifications and Anheuser-Busch derives independent economic value from those specifications not being generally known. Skinner Decl., ¶¶ 3-4. Anheuser-Busch engages in reasonable efforts to maintain the secrecy of its proprietary beer specifications, including restricting access to certain employees. *Id.* The evidence demonstrates Clark unlawfully obtained a confidential trade secret document. He printed the document and saved a copy of it to his personal storage device before leaving Anheuser-Busch, and obtained an additional copy of the document from Mr. Azevedo. Scroggs Decl., ¶¶ 5-6.

Penal Code section 499c(b)(1) provides that a person is guilty of theft if they steal, take, carry away, or use without authorization, a trade secret. The compelling inference from the close proximity between Clark's taking of the trade secret and his review of a class action litigation website is that Clark violated this provision by taking and carrying away copies of the confidential trade secret document prior to terminating his position at Anheuser-Busch. Scroggs Decl., ¶¶ 5-6. Clark also violated this law by misappropriating the document after he left the company, with the assistance of Mr. Azevedo. *Id.*; Azevedo Decl., ¶¶ 2-5. Clark has used the document in connection with the class action law suits without the authorization of Anheuser-Busch. Scroggs Decl., ¶¶ 5-7; Azevedo Decl., ¶¶ 2-5; Topel Decl., ¶¶ 5-11.

Clark violated Penal Code section 499c(b)(2), which provides that it is theft for a person to fraudulently appropriate any article representing a trade secret that has been entrusted to him. The aforementioned document is an "article" within the meaning of the statute because "article" is defined to include any "writing." P.C. § 499c(a)(2). Clark was entrusted with access to Anheuser-Busch's confidential trade secrets, and the evidence demonstrates he misappropriated them for his own purposes. Scroggs Decl., ¶¶ 5-7; Azevedo Decl., ¶¶ 2-5; Mark Topel Decl., ¶¶ 5-11.

Penal Code section 499c(c) states that it is illegal for a person to provide a trade secret of his/her employer to another in exchange for a benefit, or provide a benefit to an employee as an

inducement for making available a trade secret of his/her employer.  Based on a representative admission by his attorney, Clark violated this provision by providing the confidential trade secret document (and presumably other confidential information) to The Mills Law Firm in exchange for a financial interest in the pending litigation against Anheuser-Busch.  Topel Decl., ¶ 11.

**B.**   **Clark's Conduct Is Not Protected Because It Is Not "Arising From" A Protected Activity**

A defendant who files an anti-SLAPP motion bears the burden of showing that the complaint arises from protected activity.  *World Financial Group, Inc. v. HBW Insurance & Financial Services, Inc.,* 172 Cal. App. 4th 1561, 1568 (2009).  The "arising from" requirement is not easily met because it depends on the "gravamen or principal thrust" of plaintiffs' claim, and is not satisfied if the protected activity is merely incidental to the cause of action.  *Martinez v. Metabolife Internat., Inc.*, 113 Cal. App. 4th 181, 188 (2003); *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 66 (2003).  As courts have held, "the anti-SLAPP statute cannot be read to mean that any claim asserted in an action which arguably was filed in retaliation for the exercise of speech or petition rights falls under section 425.16, whether or not the claim is based on conduct in exercise of those rights."  *Gallimore v. State Farm Fire & Casualty Ins. Co.*, 102 Cal. App. 4th 1388, 1398 (2002).

Clark cannot meet his burden here because protected speech is not the gravamen of the claims asserted in Anheuser-Busch's Complaint.  Anheuser-Busch's claims are premised on Clark breaching his Confidentiality Agreements and misappropriating  confidential and trade secret information.  Clark's breach and misappropriation includes, but is not limited to: (a) misappropriating the beer specifications document; (b) wrongfully obtaining the beer specifications document from Mr. Azevedo after leaving Anheuser-Busch; (c) providing that document to the Mills Law Firm; and, (d) refusing to sign the certification required by the Confidentiality Agreements.  Azevedo Decl., ¶¶ 2-5; Topel Decl., ¶¶ 5-11; Scroggs Decl., ¶¶ 5-7.  Discovery in this litigation may uncover additional unlawful conduct by Clark in providing other confidential proprietary or trade secret information to the plaintiffs' firms in the class action lawsuits.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Clark's motion and declaration do not mention any of these wrongful acts. Instead, Clark claims that he has a protected right to work with attorneys at the Mills Law Firm on class action matters against Anheuser-Busch. But Clark does not meet his burden of showing that any right to participate in the lawsuits required him to engage in the wrongful conduct upon which Anheuser-Busch's Complaint is based.

A ruling against Clark in this case would simply reaffirm the well established proposition that one cannot violate criminal and civil laws by stealing documents belonging to one's former employer. *Flatley*, 39 Cal. 4th at 617. If Clark was being sued for merely participating in a lawsuit against his former employer, he might have a prima facie defense. *Id*. But because Clark's wrongful acts were misappropriating and misusing confidential or trade secret information of his former employer, his motion to strike can be summarily denied without implicating his free speech rights. *See*, e.g., *United States v. Barnett*, 667 F.2d 835, 842 (9th Cir. 1980) (no free speech protection for criminal activity); *Gallimore*, 102 Cal. App. 4th at 1398-1400 (holding that "arising from" element was not satisfied where protected acts of speech were not the subject of plaintiff's lawsuit); *Wang v. Wal-Mart Real Estate Business Trust*, 153 Cal. App. 4th 790, 809-810 (2007). Clark has failed to meet his burden of demonstrating that his wrongful conduct is protected activity under the anti-SLAPP statute.

## V.   CLARK'S MOTION SHOULD BE DENIED BECAUSE ANHEUSER-BUSCH HAS ESTABLISHED THAT ITS CLAIMS HAVE THE "MINIMAL MERIT" REQUIRED UNDER CALIFORNIA LAW

The anti-SLAPP statute "poses no obstacle to suits that possess minimal merit." *Navellier*, 29 Cal. 4th at 93-95; *Shade*, 2009 U.S. Dist. LEXIS 8554, *18. A plaintiff demonstrates minimal merit by showing that the complaint is legally sufficient and supported by a prima facie showing of facts that, if proved at trial, would support a judgment in the plaintiff's favor. *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1123 (1999); *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 822 (2011). A defendant making an anti-SLAPP motion cannot defeat the plaintiff's evidentiary showing by presenting evidence that merely contradicts plaintiff's evidence but does not establish as a matter of law that the plaintiff cannot prevail. *Oasis West,* 51

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Cal. 4th at 820.  If the plaintiff "can show a probability of prevailing on any part of its claim, the cause of action is not meritless and will not be stricken; once a plaintiff shows a probability of prevailing on *any part of its claim*, the plaintiff has established that its cause of action has some merit and the entire cause of action stands."[4]  *Id.* (emphasis added).

### A.   Anheuser-Busch's Breach Of Contract Claim

#### 1.   Anheuser-Busch Has A Probability Of Prevailing

The elements of a cause of action for breach of contract are: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and, (4) the resulting damages to the plaintiff.  *Oasis West,* 51 Cal. 4th at 821.

For the purposes of this anti-SLAPP motion, there is no dispute that Anheuser-Busch performed its obligations under the contract, or that Anheuser-Busch has been damaged by Clark's conduct.  Topel Decl., ¶ 12.

In regards to Clark's breach, Anheuser-Busch has made an ample and compelling factual showing.  First, Clark's refusal to certify as required by the Confidentiality Agreements constitutes a breach.  Second, Clark breached his Confidentiality Agreements by misappropriating and using confidential or trade secret information for his own personal gain.  Clark's breach includes taking a confidential or trade secret document belonging to Anheuser-Busch and giving it to a third party – conduct which has been confirmed by Mr. Azevedo and computer forensics.  Azevedo Decl., ¶¶ 2-5; Scroggs Decl., ¶¶ 2-4.  Further, Clark has admitted to instigating the class action lawsuits against Anheuser-Busch, and specifically seeking out the Bramson and Mills law firms to prosecute the actions.  Topel Decl., ¶ 11.  Thus, it is highly likely that Clark has breached the Confidentiality Agreements by disclosing confidential or trade secret information, and technical know-how (accrued over years of employment with Anheuser-Busch) to third-parties.

---

[4] Courts have recognized that evidence demonstrating that "defendant's conduct was illegal as a matter of law" under the first prong will also establish that "plaintiff plainly has demonstrated a probability that he will prevail on the claim."  *Flatley*, 39 Cal. 4th at 334 (Werdegar J. concurring); *Paul for Council v. Hanyecz*, 85 Cal. App. 4th 1356, 1367 (2001).

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

**2.      Clark Is Incorrect In Arguing That The Confidentiality Agreements Are Unenforceable**

There is no merit to Clark's argument that Anheuser-Busch cannot prevail on its breach of contract (or trade secret) claim because it is against public policy to prevent him from exposing illegal activity.  Def. Mem. at 9-11.  In *Jennings*, the court held that an employee's breach of a confidentiality agreement was not excused pursuant to California public policy just because the employee claimed to be acting as a whistleblower.  473 F. Supp. 2d at 701-02.  Numerous other cases reinforce this point, and make clear that is not "within the prerogative of [] former employees to disregard their confidentiality obligations toward [their former employer] and disclose whatever evidence those employees believe to be evidence of wrongdoing to third parties."  *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 920-21 (D. Nev. 2006) (granting preliminary injunction against former employee who sought to assist plaintiffs in civil litigation against former employer and holding that "confidentiality agreements between employers and employees do not become unenforceable just because the employee decides that the employer has committed a wrongful or illegal act."); *see also Jefferies v. Harris County Cmty. Action Ass'n*, 615 F.2d 1025, 1036-37 (5th Cir. 1980) (employer's interest in protecting the confidentiality of its records outweighed employee's right to protect her interests by opposing perceived employment discrimination by copying and disseminating documents); *Hodgson v. Texaco Inc.*, 440 F.2d 662, 663-64 (5th Cir. 1971) (employee's appropriation of records without permission for purposes of using them in a lawsuit against employer not protected by the Fair Labor Standards Act); *Baker v. Ga. Power Co.*, 1980 U.S. Dist. LEXIS 16981, at *4-5 (N.D. Ga. Aug. 27, 1980) (defendant's interest in protecting the confidentiality of its records outweighed plaintiff's right to protect others by participating in investigation of defendant's behavior); *Abernathy v. Walgreen Co.*, 836 F. Supp. 817, 820 (M.D. Fla. 1992) (employee's appropriation and dissemination of company personnel records not protected activity under Title VII).  Clark's attempt to portray Anheuser-Busch as having engaged in unlawful practices appears to have one purpose – to obscure the issue of his own misconduct.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, California 94111

1    *Jennings* also confirms that the defense of unenforceability is unavailing in the context of

2    misappropriation of  confidential and trade secret information by former employees.  In that case,

3    the defendant former employee argued that he could not be sued for breach of his employment

4    confidentiality agreement under California law.  473 F.Supp.2d at 701-05.  He claimed the

5    contract was unenforceable insofar as it prevented him from disclosing evidence of illegal activity

6    by his former employer.  *Jennings*, 473 F. Supp. 2d at 702.  In rejecting the argument, the court

7    stated:

8    Endorsing such theft or conversion would effectively invalidate most
     confidentiality agreements, as employees would feel free to haul away proprietary

9    documents, computers, or hard drives, in contravention of their confidentiality
     agreements, knowing they could later argue they needed the documents to pursue

10   suits against employers . . . Indeed, were courts to adopt [the former employee's]
     argument, litigation would likely blossom like weeds in spring: for every

11   legitimate whistleblower aided by this rule, many more disgruntled employees
     would help themselves to company files, computers, disks, or hard drives on their

12   way out the door to use for litigation leverage or for mere spite.  Nor would
     enforcing contracts like the [employment confidentiality agreement] burden

13   legitimate whistleblower activity, as putative whistleblowers would still be free to
     consult lawyers, pursue and exhaust administrative remedies, and file their

14   whistleblower claims, in the course of which pertinent documents could be
     obtained via legal process . . . In sum, while it is understandable and appropriate

15   for California to adopt a policy encouraging whistleblowers to report their
     employers' violations of law, it does not follow from this that California meant by

16   this declaration to invalidate confidentiality agreements and to authorize
     whistleblowers to steal or convert their employers' proprietary documents.

17

18

19   *Id*. at 702-03.[5]

20   Even assuming, *arguendo*, breach of contract (and trade secret) claims were unenforceable

21   against a former employee seeking to expose illegal conduct, Clark has not submitted any

22   evidence that Anheuser-Busch engaged in any illegal conduct in stating the alcohol content on its

23   _____

24   [5] Clark relies heavily on *Alderson v. United States*, 718 F. Supp. 2d 1186 (C.D. Cal. 2010), but that case is inapposite.
     *Alderson* involved an unusual situation where a taxpayer who had filed a *qui tam* action claimed to possess a property

25   interest in the information regarding wrongful conduct that formed the basis of the False Claims Act claim.  *Id*. at
     1194.  The court rejected the taxpayer's inventive argument for numerous reasons, including noting that the taxpayer's

26   knowledge of illegal conduct was not a trade secret because, there is no reasonable manner in which a person who
     holds information about ongoing illegality can prevent that information from being disclosed to the public.  *Id*. at

27   1199.  *Alderson* is does not apply because the trade secret at issue here is not Clark's knowledge of allegedly wrongful
     conduct by Anheuser-Busch, but rather the confidential trade secrets regarding beer specifications for Anheuser-

28   Busch's beer.  Further, *Alderson* does not involve a former employee who misappropriated confidential documents
     belonging to the employer.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1   beer labels.  California and the federal government both have declared in regulations that the

2   actual alcohol content of a malt beverage or beer may vary from the alcohol content on its label by

3   0.3%.  Cal. Bus. & Prof. Code §25204(a); 4 CCR §130; 27 C.F.R. §7.71(c).  Clark does not allege

4   that Anheuser-Busch ever exceeded the legally permitted variance for beer, and his contention that

5   Anheuser-Busch acted in violation of various civil statutes is no more than an allegation.  Thus, it

6   cannot preclude Anheuser-Busch's showing of the "minimal merit" that is all that is required to

7   defeat a SLAPP motion.  Clark has only submitted a complaint in a civil action brought against

8   Anheuser-Busch, the contents of which are hearsay for the purposes of this proceeding.[6]

9        Finally, even if Clark were correct that the public interest would prevent Anheuser-Busch

10  from enforcing the Confidentiality Agreements, this does not establish that the contract is

11  unenforceable in regards to Clark's breach of contract in misappropriating a confidential and trade

12  secret document, giving it to a third party, and using it for his own benefit.  Clark does not contend

13  that his taking of this document was required for him to speak out about Anheuser-Busch's alleged

14  wrongdoing.

15  **B.**      **Anheuser-Busch's Misappropriation Of Trade Secrets Claim**

16          **1.**      **Anheuser-Busch Has A Probability Of Prevailing**

17       A claim for misappropriation of trade secrets requires the plaintiff to demonstrate: (1) the

18  plaintiff owned a trade secret; (2) the defendant acquired, disclosed, or used the plaintiff's trade

19  secret through improper means; and, (3) the defendant's actions damaged the plaintiff.  *CytoDyn*

20  *of New Mexico, Inc. v. Amerimmune Pharmaceuticals, Inc.*, 160 Cal. App. 4th 288, 297 (2008).

21       The declarations submitted by Anheuser-Busch establish that the beer specifications

22  document is a trade secret because it is not generally known to the public, possesses independent

23  economic value, and is subject to reasonable efforts to protect its secrecy.  Skinner Decl., ¶¶ 2-4.

24  Clark argues that the amount of alcohol in Anheuser-Busch's products is not a trade secret because

25  it is completely disclosed by the products themselves.  The beer specifications contain much more

26

27  _____

[6] Anheuser-Busch has filed Motions to Dismiss in all of the pending class action suits, with the exception of Florida, which was only recently served.  In each Motion, Anheuser-Busch asserts that the plaintiffs' claims are defective as a matter of law, and should be dismissed in their entirety.

28

1    trade secret information than just alcohol content.  Skinner Decl., ¶ 3.  This argument is irrelevant

2    because "it is not the court's role to 'weigh the credibility' or comparative probative strength of

3    competing evidence on a special motion to strike."  *Art of Living Found. v. Doe*, 2012 U.S. Dist.

4    LEXIS 61582, *73 (N.D. Cal. May 1, 2012).

5         The evidence submitted in connection with this motion demonstrates that Clark acquired,

6    used, and/or disclosed a confidential trade secret document through improper means.  Azevedo

7    Decl., ¶¶ 2-5; Scroggs Decl., ¶¶ 2-6; Topel Decl., ¶ 11.  Anheuser-Busch remains unaware

8    whether Clark or the Mills Law Firm disseminated copies of its beer specifications to the other

9    attorneys, or other third parties.  The refusal by other attorneys involved in the class actions to

10   respond to Anheuser-Busch's inquiries suggests that they may wrongfully be in possession of

11   Anheuser-Busch trade secrets.  Topel Decl., ¶ 9.  Topel Dec., ¶ 12.  Clark does not dispute that

12   Plaintiffs suffered damages as a result of his unlawful disclosure.

13              **2.       Clark's Conduct Is Not Protected By Any Privilege Or Protection**

14        Clark asserts that Anheuser-Busch cannot prevail on their claims because his conduct is

15   protected by the litigation privilege, attorney work product protection, and/or attorney-client

16   privilege.  Clark's argument is without merit.

17        In regards to the attorney-client privilege, Clark's argument is flawed for several reasons.

18   First, Clark does not even attempt to argue that his disclosure of trade secrets to The Mills Law

19   Firm (or any other attorney involved in the class action lawsuits) is protected by the attorney-client

20   privilege.  Rather, he argues only that it applies to the extent he spoke with clients or potential

21   clients.  *See* Def. Mem. at 10.  Second, Clark cannot cloak his unlawful activity in the attorney-

22   client privilege simply because he is an attorney.    Similarly, Clark cannot assert a claim of

23   privilege over Anheuser-Busch's own trade secrets.  *See*, e.g., *People ex rel. Dept. of Public*

24   *Works v. Donovan,* 57 Cal.2d 346, 354 (1962) (holding that attorney-client privilege does not

25   extend to subject matter otherwise unprivileged merely because that subject matter has been

26   communicated to the attorney).

27        In regards to attorney work product, Clark's argument is unavailing because work product

28   protection is a discovery protection and Anheuser-Busch is not seeking discovery at this time.

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

16

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1   Further, the beer specification document that was misappropriated by Clark does not contain

2   Clark's mental impressions or attorney notes, so the authorities cited by Clark regarding opinion

3   work product are entirely irrelevant.  *See* Def. Mem. at 10.[7]

4          Clark's argument that his conduct is somehow protected or privileged is entirely

5   inconsistent with the litany of cases cited above where courts have no difficulty condemning self

6   help discovery by former employees.  In similar situations, where an employee misappropriates

7   documents in anticipation of litigation, numerous courts have held that there is no privilege or

8   protection from civil claims brought by their former employer.  *Pillsbury, Madison & Sutro v.*

9   *Schectman*, 55 Cal. App. 4th 1279, 1289 (1997); *Conn v. Superior Court*, 196 Cal. App. 3d 774,

10  785 (1987) (holding that there is no work product or attorney client privilege protection for

11  documents obtained from client's former employer because attorney cannot create "'privileged'

12  documents by making notes on and about documents which he had no right to have in the first

13  place.").

14         The court's decision in *Schectman* is instructive.  In *Schectman*, as here, a former

15  employee removed confidential documents from the offices of his former employer in order to

16  assist with litigation against his former employer.  *Schectman*, 55 Cal. App. 4th at 1282.  The

17  employer brought claims for the return of the property under the "claim and delivery of personal

18  property statutes (Claim and Delivery Statutes) (Code Civ. Proc., § 511.010- 516.050) and those

19  providing for injunctions."  *Id*.  The court rejected the defendant's argument that he had any right

20  to misappropriate the documents in order to assist the litigation against his former employer:

21         Privileges are grounded in public policy and do not, by their nature, create an
           ownership interest, but rather protect society's interests and promote
22         confidentiality within certain relationships.  Justification is an exception rarely
           employed and designed to preserve life and limb.  The potential litigant
23         undertaking self-help in this case falls within none of these exceptions.

24

25  _____

    [7] The cases cited by Clark concern pure opinion work product created by attorneys.  *Upjohn Co v. United States*, 449
26  U.S. 383, 399 (1981) (attorney interviews and notes); *In re Ashworth, Inc. Secur. Litig*., 213 F.R.D. 385, 389 (S.D.
    Cal. 2002) (information bearing on attorney's mental impressions of important witnesses).  In contrast, Clark has
27  stolen confidential information created by Anheuser-Busch.  Anheuser-Busch's claims are not based on Clark's
    mental impressions or notes.
28

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

> [Defendant's] assertion of an interest or justification superior to any interest grounded "solely on the basis of ownership" is not readily distinguished from a pickpocket's interest in a stranger's purse.  Whether or not he might be able to articulate an end justifying the means he proposes . . . he would still fail to state a sufficient reason to subvert society's interest in preserving private property, as well as maintaining the jurisdiction of the courts to administer the orderly resolution of disputes . . . .

> [W]e will state clearly our agreement with those courts which have refused to permit "self-help" discovery which is otherwise violative of ownership or privacy interests and unjustified by any exception to the jurisdiction of the courts to administer the orderly resolution of disputes.  Any litigant or potential litigant who converts, interdicts or otherwise purloins documents in the pursuit of litigation outside the legal process does so without the general protections afforded by the laws of discovery and risks being found to have violated protected rights.

*Id.* at 1288-89.

   For the reasons discussed in *Schectman*, Clark has no privilege or protection available for the conduct alleged here.  Clark cannot use the litigation privilege, attorney work product protection, or attorney-client privilege to shield himself from claims arising from his unlawful conduct in stealing trade secrets from Anheuser-Busch.  *Schectman*, 55 Cal. App. 4th at 1288-89; *Conn*, 196 Cal. App. 3d at 785.

   **C.      Anheuser-Busch's Return Of Personal Property Claim**

   A claim for return of personal property requires plaintiff to allege: (1) a right to possession of the property; and (2) wrongful possession by another.  *Adler v. Taylor*, 2005 U.S. Dist. LEXIS 5862, *8-9 (C.D. Cal. Feb. 2, 2005).  Anheuser-Busch has a right to possession of the beer specification document, and has established that Clark wrongfully possessed it on numerous occasions.

   Clark argues that Anheuser-Busch cannot prevail on its return of personal property claim because he has no personal property of Anheuser-Busch in his possession at this time.  Def. Mem. at 12.  Clark's assertion is legally irrelevant because courts have held that "the fact that the defendant had, before the demand, or before the action was begun, parted with the possession of the [property], was no defense."  *Fran-Well Heater Co. v. Robinson*, 182 Cal. App. 2d 125, 131-32 (1960).  Otherwise, a defendant could avoid liability by transferring the property to a third

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1   party. *Id*.

2   Clark's assertion is also factually suspect.  The evidence presented by Anheuser-Busch

3   establishes that Clark printed two copies of the document, saved an electronic version to an

4   external storage device, and obtained another copy from Mr. Azevedo.  Clark's assertion that he

5   no longer has confidential or trade secret material in his possession is suspect given his lack of

6   veracity, and complete failure to account for the other print copies of the report and electronic

7   copy.  It is unclear whether Clark or The Mills Law Firm disseminated copies of the document to

8   other attorneys, or to other third-parties.  As stated above, none of the other plaintiffs' firms

9   involved in the class action lawsuits responded to Anheuser-Busch's request for the return of all

10  confidential material.

11  Clark also asserts that Anheuser-Busch's claim is pre-empted by its misappropriation of

12  trade secrets claim.  For Clark to be correct about this point, Anheuser-Busch would have to

13  succeed on its trade secrets claim, the probability of which alone would be sufficient to deny the

14  motion to strike.  The merits of Clark's preemption argument are addressed in Anheuser-Busch's

15  opposition to Clark's motion to dismiss.

16  **VI.    CONCLUSION**

17  For the foregoing reasons, the Court should deny the motion to strike.

18  DATED:  April 22, 2013              Respectfully submitted,

19                                     KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

20

21                                     By:_____/s/ Marcus S. Topel_____

22                                         Marcus S. Topel
                                           Counsel for Plaintiffs
23                                         ANHEUSER-BUSCH COMPANIES, LLC and
                                           ANHEUSER-BUSCH, LLC

24

25

26

27

28