LAW OFFICE OF ROBERT A. CARICHOFF
Robert A. Carichoff (SBN 211066)
1024 Iron Point Road
Folsom, California 95630
Telephone: (916) 357-6622
Facsimile: (916) 673-9426

Attorney for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company, and ANHEUSER-BUSCH, LLC, a Missouri limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES ALAN CLARK,<br><br>Defendant. | Case No.: 2:13-CV-00415-GEB-CKD<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(b)(6)]**<br><br>Date: May 6, 2013<br>Time: 9:00 a.m.<br>Courtroom: 10<br>Judge: Hon. Garland E. Burrell, Jr.<br>Trial: Not set<br><br>**Jury Trial Demanded** |

Plaintiffs ANHEUSER-BUSCH COMPANIES, LLC's and ANHEUSER-BUSCH, LLC's ("AB") is most succinctly summarized in the following quote: "Anheuser-Busch's claim alleges that it is 'entitled to the immediate possession of all [Plaintiff's] confidential, proprietary, and/or trade secret information that was within Clark's possession or control . . . .' Compl. ¶ 42. To the extent that the return of personal property claim is not based solely on the misappropriation of trade secrets, it is not subject to preemption." (Opposition at 3:6-10).

At best, AB is wrong. At worst, it attempts to mislead this Court as to the current state of the law at issue in this Motion.

The relevant authority is *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010) *disapproved on other grounds in Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011). The authority cited by AB in opposition to this Motion was either decided before the *Silvaco* opinion or simply failed to consider it. The relevant language in *Silvaco* provides:

> **<u>We emphatically reject the Cenveo court's suggestion that the uniform act was not intended to preempt "common law conversion claims based on the taking of information that, though not a trade secret, was nonetheless of value to the claimant.</u>**" (Cenveo, supra, 2007 WL 527720 a p. 4) On the contrary, a prime purpose of the law was to sweep away the adopting states' bewildering web of rules and rationales and replace it with a uniform set of principles for determining when one is—and is not—liable for acquiring, disclosing, or using "information ... of value." (See § 3426.8.) Central to the effort was the act's definition of a trade secret. (See § 3426.1, subd. (d).) Information that does not fit this definition, and is not otherwise made property by some provision of positive law, belongs to no one, and cannot be converted or stolen. By permitting the conversion claim to proceed on a contrary rationale, the Cenveo court impliedly created a new category of intellectual property far beyond the contemplation of the Act, subsuming its definition of "trade secret" and effectively obliterating the uniform system it seeks to generate.

*Id.* at 239 n.22 (emphasis added).[1]

The majority of district courts confronted with the above language of *Silvaco* have consistently applied its rationale; those that have not did so by way of omission. *See e.g. SunPower Corp. v. SolarCity Corp.*, 2012 WL 6160472 *6-7 (N.D. Cal. Dec. 11, 2012) (asserting that the three district court cases to consider the issue raised in the *Silvaco* opinion failed to consider the case at all, including two which are cited by AB in its current opposition: *PQ Labs, Inc. v. Yang Qi*, 2012 WL 2061527 (N.D. Cal. June 7, 2012) and *Strayfield Limited v. RF Biocidics, Inc.*, 2012 WL 170180 (E.D. Cal. Jan. 19, 2012)) *see also Agency Solutions.Com, LLC v. TriZetto Group, Inc.* 819 F. Supp. 2d 1001, 1015 (E.D. Cal. 2011) (applying *Silvaco* to a trade secret dispute).

Indeed, a recent decision citing the *Silvaco* opinion expressly asserted that, "In an effort to align with the California courts that have addressed this issue, the Court concludes that ***<u>UTSA supersedes claims based on the misappropriation of confidential information,</u>***

---

[1] Note that the holding of *Cenveo* (and cases like it), which was "emphatically reject[ed]" in the *Silvaco* case is expressly relied upon as authority in support of AB's current position. (Opposition at 4:11-16). It is hard to believe that AB, with a team of four lawyers working on this opposition, failed to recognize that they were misleading this Court about the current state of the law on this issue. *See* Cal. Rule on Prof. Conduct 5-200(B) (prohibiting attorneys from misleading courts by a false statement of law); Cal. Rule on Prof. Conduct 5-200(D) (prohibiting the citation of invalid authority). Indeed, AB initially cites the *Silvaco* opinion in support of the position it takes in this opposition. It knew of the only California authority to date to address this specific issue and yet chose to ignore the plain language of that case and the progeny of federal cases which followed and cited it with approval.

1  *whether or not that information meets the statutory definition of a trade secret*." *Mattel,*
2  *Inc. v. MGA Entertainment, Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011) (emphasis
3  added).
4      As AB itself admits, its Third Cause of Action is seeks possession of "confidential,
5  proprietary, and/or trade secret information . . . ." (Opposition at 3:7-8) (emphasis added).
6  That claim is preempted by the California's Uniform Trade Secrets Act as set forth in the
7  statute, *Silvaco*, and the subsequent federal case law applying *Silvaco* even though the claim
8  relates to "property" that is allegedly "confidential" or "proprietary," as well as trade secret
9  information.
10     Further, AB's opposition to Defendant JAMES ALAN CLARK's ("Mr. Clark")
11 Special Motion to Strike filed concurrently with the instant motion makes reference only to
12 "Page 13," as the document which Mr. Clark allegedly misappropriated or took from AB.
13 They also expressly assert that "Page 13" is a document that includes trade secret information.
14 (Opposition to Special Motion to Strike at 3:8-15).
15     For these reasons, Mr. Clark respectfully requests that this Court grant his Motion to
16 Dismiss AB's Third Cause of Action for Return of Personal Property.
17
18 Dated:  April 23, 2013
19
20                       LAW OFFICE OF ROBERT A. CARICHOFF
21
22                 By:  /s/ Robert A. Carichoff
                    ROBERT A. CARICHOFF
23                     Attorney for Defendant