KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
MARCUS S. TOPEL (SBN 54702)
Email: mtopel@kasowitz.com
DANIEL F. COOK (SBN 70484)
Email: dcook@kasowitz.com
BRIAN P. BROSNAHAN (SBN 112894)
Email: bbrosnahan@kasowitz.com
JACOB N. FOSTER (SBN 250785)
Email: jfoster@kasowitz.com
101 California Street, Suite 2300
San Francisco, California 94111
Telephone:   (415) 421-6140
Facsimile:    (415) 398-5030

Counsel for Plaintiffs
ANHEUSER-BUSCH COMPANIES, LLC, and
ANHEUSER-BUSCH, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company, and ANHEUSER-BUSCH, LLC, a Missouri limited liability company,<br><br>               Plaintiffs,<br>     v.<br><br>JAMES ALAN CLARK, an individual,<br><br>               Defendant. | Case No. 2:13-cv-00415-GEB-CKD<br><br>**JOINT STATUS REPORT**<br><br>**Date: May 13, 2013**<br>**Time: 9:00 a.m.**<br>**Judge: Hon. Garland E. Burrell** |

Plaintiffs Anheuser-Busch Companies, LLP and Anheuser-Busch LLP (collectively "Anheuser-Busch") and Defendant James A. Clark, by and through their respective counsel, hereby submit this Joint Status Report to this Court.

**A. Service Of Process**

All named parties to this action have been served.

**B. Possible Joinder of Additional Parties**

Anheuser-Busch does not presently have any intention to join additional parties, but reserves its right to seek to do so as discovery may warrant. Defendant Clark does not intend to add any additional parties. Defendant Clark may file a counterclaim against Anheuser-Busch.

### C. Anticipated Amendment of Pleadings

Anheuser-Busch may seek to amend the complaint. Defendant Clark has not yet filed a pleading and does not anticipate any amendments at this time.

### D. Basis for Jurisdiction and Venue

The parties agree that diversity jurisdiction and venue in this district are proper.

### E. Anticipated Motions With Suggested Dates

Anheuser-Busch anticipates filing a motion for summary judgment/adjudication and suggests, consistent with its proposed schedule set forth in Sections G and H *infra,* a hearing date of November 11, 2013. Anheuser-Busch also anticipates the need for filing of motions *in limine* for hearing at the final pretrial conference, or such other time as set by this Court.

Defendant Clark anticipates filing a motion for summary judgment/adjudication and suggests, consistent with its proposed schedule set forth in Section H *infra,* a hearing date sometime after six months of discovery. Defendant Clark also anticipates the need for filing motions *in limine* for hearing at the final pretrial conference, or such other time as set by this Court.

### F. Anticipated And Outstanding Discovery

There is no presently outstanding discovery. Initial disclosures have not been made yet and are due on or before May 6, 2013.

The parties anticipate propounding written discovery and taking depositions. Anheuser-Busch will take the deposition of Defendant Clark and other appropriate persons as identified. Defendant Clark now anticipates taking the deposition of Michael Azevedo and others not yet determined.

### G. Proposed Discovery Plan

The parties do not see any need for changes in the time, form, or requirements for Rule 26(a) initial disclosures. Initial disclosures must be made on or before May 6, 2013.

Anheuser-Busch needs to conduct relevant discovery including (1) facts regarding Defendant Clark's improperly taking, causing to be taken, using, disclosing, and/or disseminating Anheuser-Busch's confidential or trade secret information; (2) facts supporting or refuting any defenses Defendant Clark raises to Anheuser-Busch's claims and allegations; and (3) experts

(Anheuser-Busch reserves the right to designate experts) and expert discovery regarding any experts designated by Defendant Clark.

Defendant Clark needs to conduct discovery regarding the facts supporting Anheuser-Busch's allegations, including those that relate to Defendant Clark's alleged breach of contract and misappropriation of trade secrets, among other things. Defendant Clark also needs to conduct discovery regarding his denial of Anheuser-Busch's claims and regarding his affirmative defenses.

The parties do not see the need for discovery to be conducted in phases.

Anheuser-Busch proposes the following schedule:

    a. Discovery has commenced;

    b. Discovery completion date of September 15, 2013;

    c. Expert disclosures 60 days before the set trial date.

Defendant Clark proposes the following schedule:

    a. Discovery has commenced;

    b. Discovery completion date 30 days before the set trial date, with at least six months for discovery, commencing on the date the pleadings are settled;

    c. Expert disclosures 60 days before the set trial date;

    d. All motions are completed 30 days before the set trial date.

**H. Scheduling of Future Proceedings**

Anheuser-Busch's and Defendant Clark's suggested positions in regard to timing of expert disclosures are set forth in Section G, *supra*.

As to the remaining scheduling items, Anheuser-Busch suggests the following schedule:

    a. Any summary judgment or other motions (other than motions *in limine*) be heard on or before November 11, 2013;

    b. A pretrial conference be held be held in mid-December of 2013;

    c. A jury trial date commencing on January 6, 2014, or as soon thereafter as this Court, consistent with its calendar, can set the case for trial.

Defendant Clark proposes the following schedule:

      a. All motions are completed 30 days before the set trial date;

      b. A pretrial conference be held be held in mid-December of 2013;

      c. A jury trial date commencing on January 6, 2014, or as soon thereafter as this Court, consistent with its calendar, can set the case for trial.

**I. Estimate of Trial Time**

Anheuser-Busch and Defendant Clark estimate that the trial in this case would take approximately 4-5 full court days.

**J. Appropriateness of Special Procedures**

Anheuser-Busch and Defendant Clark do not believe any special procedures (masters or reference to a Magistrate-Judge) are appropriate or necessary.

**K. Modification of Standard Pretrial Procedures Because Of Simplicity Of The Case**

Anheuser-Busch requests that this Court's typical pretrial scheduling procedures be modified in this case, under the expedited schedule Anheuser-Busch has proposed in Sections G and H *supra*, because this is a straight-forward case involving an uncomplicated set of facts and allegations that Defendant Clark improperly took, caused to be taken, used, disclosed, and disseminated Anheuser-Busch confidential or trade secret information.  This is a simple case that should be set on an expedited schedule.

Defendant Clark does not believe that any pretrial procedures should be modified, except as noted above in Sections G and H, *supra*.

**L. Related Cases**

The parties agree that this case is not related to any other case in this district.

**M. Prospects for Settlement**

The parties agree that there is the possibility of settlement.  Anheuser-Busch requests that a settlement conference be set after discovery has been obtained from Mr. Clark.  Clark requests the scheduling of a settlement conference.   The parties request that a Magistrate-Judge be assigned to conduct a settlement conference when appropriate.

**N. Other Matters Conducive To Just And Expeditious Disposition of the Case**

Anheuser-Busch proposes that all service of discovery or discovery responses be on counsel by e-mail unless too large for e-mail transmittal. If too large, such service shall be by an overnight delivery service. Any such service by e-mail or overnight delivery shall add the three (3) extra days set forth in Rule 6(d), F.R.Civ.P., to any period that would otherwise expire under Rule 6(a).

DATED: April 29, 2013　　　　　Respectfully submitted,

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP


By:_____/s/ Marcus S. Topel_____
　　Marcus S. Topel
　　Counsel for Plaintiffs
　　ANHEUSER-BUSCH COMPANIES, LLC and
　　ANHEUSER-BUSCH, LLC

DATED: April 29, 2013　　　　　LAW OFFICES OF ROBERT A. CARICHOFF


By:_____/s/ Robert A. Carichoff_____
　　Robert A. Carichoff
　　Counsel for Defendant
　　JAMES ALAN CLARK