KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
MARCUS S. TOPEL (SBN 54702)
Email: mtopel@kasowitz.com
DANIEL F. COOK (SBN 70484)
Email: dcook@kasowitz.com
BRIAN P. BROSNAHAN (SBN 112894)
Email: bbrosnahan@kasowitz.com
JACOB N. FOSTER (SBN 250785)
Email: jfoster@kasowitz.com
101 California Street, Suite 2300
San Francisco, California 94111
Telephone:   (415) 421-6140
Facsimile:    (415) 398-5030

Counsel for Plaintiffs
ANHEUSER-BUSCH COMPANIES, LLC, and
ANHEUSER-BUSCH, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company, and ANHEUSER-BUSCH, LLC, a Missouri limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES ALAN CLARK, an individual,<br><br>Defendant. | Case No. 2:13-cv-00415-GEB-CKD<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT CLARK'S SUPPLEMENTAL DECLARATION AND RESPONSE TO CLARK'S OBJECTIONS TO SKINNER DECLARATION**<br><br>Case Filed: March 1, 2013 |

Plaintiffs Anheuser-Busch Companies, LLC and Anheuser-Busch LLC ("Anheuser-Busch") hereby submits its objections to the Supplemental Declaration of James A. Clark (Docket No. 28-2) and response to Defendant Clark's ("Clark") objections to the Declaration of Kristi Skinner (Docket No. 21) submitted by Anheuser-Busch. Docket No. 28 ("Oppo.") at 1-2.

Anheuser-Busch objects to paragraphs 9-11 and 13 of the Clark Supplemental Declaration on the following grounds:

- Paragraph 9

- o "There was no question that Mr. Azevedo was aware of the fact that AB was intentionally misrepresenting the alcohol content advertised on its labels." Objection – hearsay; lack of foundation.
- o Allegation that Clark escalated *Azevedo's* concerns about this issue with AB's senior management. Objection – hearsay; lack of foundation.
- Paragraph 10
  - o "AB's response to me raising concerns about this issue was that in spite of the misrepresentation, it would continue to provide less alcohol content than advertised because, strictly speaking, it was operating 'within tolerances.'" Objection – hearsay (no showing of statement by a person that could bind Anheuser-Busch so as to be an admission); lack of foundation.
  - o "I disagreed with AB's position. . . ." Objection – hearsay as to Anheuser-Busch's "position."
  - o Alcohol and Tobacco Tax and Trade Bureau, Procedure 2004-1, and Clark statement that Procedure 2004-1 "defined the intent of tolerances as such: 'The intent of these tolerances is to provide normal production and analytical variables while continuing to ensure that the labeling does not mislead the consumer.'" Objection – hearsay; improper opinion of Clark re intent of tolerances; relevancy as to Procedure 2004-1 as the Procedure expressly applies only to caloric, carbohydrate, fat, and protein content of alcohol beverages labeling and not to alcoholic content of such beverages.
- Paragraph 11
  - o "Page 13 was readily available and frequently hanging on bulletin boards and employee work stations in AB's facilities. Its storage in this manner put it in locations that were accessible to third parties including vendors, contractors, distributors, service personnel, tour groups, and thousands of visitors that come through AB's plants on an annual basis." Objection – lack of foundation as to date, time & location; lack of personal knowledge

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

(not clear based upon statement of personal observations on a particular time or date at a particular Anheuser-Busch facility); speculation (on whether "accessible" to others as that is only Clark's conclusion without any statement of specific supporting facts or what "accessible" means).

- Paragraph 13
    - Procedure 2004-1 as Exhibit I.  Objection – hearsay; relevancy as to Procedure 2004-1 as the Procedure expressly applies only to caloric, carbohydrate, fat, and protein content of alcohol beverages labeling and not to alcoholic content of such beverages.

Clark further objects that Anheuser-Busch did not file a copy of the Page 13 with this Court and, therefore, violated Local Rule 142(a)(3).  However, no filing of the Page 13 document was required to make a showing that it is a proprietary, confidential, or trade secret document because of its information and its purpose.  As shown below, the Skinner Declaration established the factual predicate to a *prima facie* showing that the Page 13 document information was proprietary to Anheuser-Busch, and was a confidential or trade secret document because of what it related to, how it had value to Anheuser-Busch from not being generally known by others, and how Anheuser-Busch protected it and limited access to it to maintain its secrecy.  Anheuser-Busch was not required to submit the Page 13 document to make its *prima facie* showing.

Clark objects to the Skinner Declaration as hearsay and improper opinion testimony.  The Skinner Declaration is admissible as it provides the facts, based upon Skinner's personal knowledge and position at Anheuser-Busch, to support the elements of the Page 13 being a protected Anheuser-Busch trade secret.  It is not hearsay because it is not predicated upon the statements of others but upon Skinner's personal knowledge.  It is not an expert opinion or lay opinion and not objectionable on that ground as it is based upon her position and personal knowledge at Anheuser-Busch.  Even if it expressed opinions, such opinions would be permissible lay opinion under F.R.Evid. 701 as rationally based upon the witness's perception, helpful to understanding Skinner's statements and to determining a fact issue, and not based upon

specialized knowledge within the scope of Rule 702.

DATED: May 1, 2013        Respectfully submitted,

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By: _____/s/ Marcus S. Topel_____
  Marcus S. Topel
  Counsel for Plaintiffs
  ANHEUSER-BUSCH COMPANIES, LLC and
  ANHEUSER-BUSCH, LLC