IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company, and ANHEUSER-BUSCH, LLC, a Missouri limited liability company,<br><br>              Plaintiffs,<br><br>       v.<br><br>JAMES ALAN CLARK, an individual,<br><br>              Defendant.<br>_____ | 2:13-cv-00415-GEB-CKD<br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING SPECIAL MOTION TO STRIKE |

          Defendant moves for dismissal of Plaintiffs' return of personal property claim and seeks to strike Plaintiffs' lawsuit under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.[1] Plaintiffs oppose the motions.[2]

_____

          [1] "SLAPP" is an acronym for a strategic lawsuit against public participation. Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 815 n.1 (2011).

          [2] Plaintiffs also request oral argument or leave to file a surreply to point out what they characterize as "clearly erroneous statements of facts and law" in Defendant's reply brief. (Pls.' Req. for Oral Arg., ECF No. 31, 1:20.) This request is denied since it is unnecessary to disposition of the pending motions. See Guidiville Band of Pomo Indians v. NGV Gaming, Ltd., 531 F.3d 767, 787 (9th Cir. 2008) (Smith, J., dissenting) (approving district court's refusal to allow surreply deemed
(continued...)

## I. FACTUAL ALLEGATIONS

Plaintiffs allege in their complaint that Defendant left Plaintiffs' employ in June 2012, (Compl. ¶ 2), and "wrongfully misappropriated, disclosed, disseminated, and/or used [Plaintiffs'] confidential, proprietary, and/or trade secret information, prior to the termination of his employment, and since the termination of his employment." (Id. ¶ 21.) On February 8, 2013, Plaintiffs "invoked the certification provision of [Defendant's] Confidentiality Agreements due to [their] belief that [Defendant] violated the[se] provisions . . . by improperly using or disclosing [Plaintiffs'] confidential, propriety [sic], and/or trade secret information." (Id. ¶ 22.) Defendant "refused to provide the written [non-disclosure] certification under oath" required by his Confidentiality Agreements. (Id. ¶¶ 22, 23.)

## II. DISCUSSION

### A.   Supersession by the California Uniform Trade Secrets Act

Defendant argues Plaintiffs' return of personal property claim should be dismissed because it is superseded by the California Uniform Trade Secrets Act ("CUTSA"),[3] which was enacted to "make uniform the law" concerning trade secrets. Cal. Civ. Code § 3426.8. Although CUTSA lacks

---

[2](...continued)
unnecessary to the disposition).

[3] Both parties use the word "preempt" instead of the word "supersede" when discussing CUTSA's effect on Plaintiffs' return of personal property claim. (E.g., Def.'s Mot. to Dismiss 1:26; Pls.' Opp'n to Mot. to Dismiss 1:3.) However, in California, "preemption concerns whether a federal law has superseded a state law or a state law has superseded a local law, not whether one provision of state law has displaced other provisions of state law." Zengen, Inc. v. Comerica Bank, 41 Cal. 4th 239, 247 n.5 (2007). Accordingly, since CUTSA itself employs the term "supersede" to describe its effect on other California laws, see Cal. Civ. Code § 3426.7(a), the term "supersede" is employed here throughout. See Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210, 232 n.14 (2010) (adopting the term "supersede" in this context).

an explicit supersession provision, it implicitly supersedes all claims not covered by its savings clauses, which exempt from supersession "contractual remedies," "criminal remedies," and "other civil remedies that are not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b);[4] K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc., 171 Cal. App. 4th 939, 954 (2009). Defendant argues that Plaintiffs' return of personal property claim is subject to CUTSA's implicit supersession since it is not covered by any of CUTSA's savings clauses. Plaintiffs counter that their claim is exempted from supersession under § 3426.7(b)(2) because the claim is "not based" *in full* "upon misappropriation of a trade secret." (See Pls.' Opp'n to Mot. to Dismiss, ECF No. 18, 3:8—10 (asserting that "[t]o the extent that the return of personal property claim is not based solely on the misappropriation of trade secrets, it is not subject to preemption").) Plaintiffs also argue that Defendant's supersession motion is "premature" since Plaintiffs are "entitled to plead multiple and alternate theories," and their return of personal property claim is "in addition to" or "an alternative to" their CUTSA trade secrets misappropriation claim. (Id. 1:16—17, 3:5.)

The parties advance—and courts have employed—three distinct approaches when defining the scope of Cal. Civ. Code § 3426.7(b)(2)'s exemption from supersession for "other civil remedies that are not based

---

[4] CUTSA's savings clauses state in full: "This title does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b).

upon misappropriation of a trade secret."[5] Under one approach a claim has been found exempt from supersession by § 3426.7(b)(2) so long as the claim requires the allegation of "something more" than just CUTSA trade secrets misappropriation. E.g., Leatt Corp. v. Innovative Safety Tech., LLC, No. 09-CV-1301-IEG (POR), 2010 WL 2803947, at *6 (S.D. Cal. July 15, 2010) (rejecting CUTSA supersession since in their complaint plaintiffs "base their injury *not only* the theft of their trade secrets, *but also* on other 'confidential' and/or 'proprietary' information") (emphases added); PostX Corp. v. Secure Data in Motion, Inc., No. C 02-04483 SI, 2004 WL 2663518, at *3 (N.D. Cal. Nov. 20, 2004) (denying CUTSA supersession since plaintiff's common law and CUTSA claims "are not based on *precisely the same* nucleus of facts," but involve "*new facts*" as well) (emphases added). Another approach has found a claim exempt from supersession under § 3426.7(b)(2) unless it is based on the taking of information that is *ultimately* adjudged to be a trade secret. E.g., Ali v. Fasteneres for Retail, Inc., 544 F. Supp. 2d 1064, 1072 (E.D. Cal. 2008) (denying CUTSA supersession dismissal motion since "at this point, it is still unclear how much of the allegedly misappropriated information was a trade secret"). Under this approach, since designation of information as a trade secret involves a "largely factual" inquiry that can rarely be conducted via a dismissal motion, K.C. Multimedia, Inc., 171 Cal. App. 4th at 954, dismissal motions are typically denied as "premature," Ali, 544 F. Supp. 2d at 1072, or "inappropriate for resolution at th[e dismissal] stage." Strayfield

---

[5] Because CUTSA explicitly exempts contractual and criminal remedies from supersession, Cal. Civ. Code § 3426.7(b)(1), (3), contractual and criminal remedies are not discussed here. Thus all references to supersession of claims under CUTSA concern only civil noncontractual claims.

1  Ltd. v. RF Biocidics, Inc., No. CIV. S-11-2613 LKK/GGH, 2012 WL 170180,
2  at *1 (E.D. Cal. 2011). Other courts have found § 3426.7(b)(2) only
3  saves a claim from supersession if a plaintiff "assert[s] some other
4  basis" beside trade secrets law for a property right in the information
5  at issue. E.g., Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210,
6  237—39 & n.22 (2010), disapproved of on other grounds by Kwikset Corp.
7  v. Superior Court, 51 Cal. 4th 310, 337 (2011) (setting forth this
8  approach and rejecting the alternative CUTSA supersession approaches,
9  referenced herein as the "premature" and "something more" approaches);
10 K.C. Multimedia, Inc., 171 Cal. App. 4th at 958 (rejecting the
11 "something more" approach). See generally Roger M. Milgrim, Milgrim on
12 Trade Secrets, § 1.01[3][a], at 1.240.14(73)—(75), 1.240.14(78)(a)—(82)
13 (discussing these divergent approaches to supersession generally and
14 noting that courts remain divided on the issue).

15     Here, the success of Defendant's dismissal motion depends on
16 which approach is employed when determining the CUTSA supersession
17 issue.[6] Plaintiffs urge the Court to adopt either the "something more"
18 or the "premature" approach, arguing that either of these approaches
19 warrants denial of Defendant's dismissal motion. (See Pls.' Opp'n to
20 Mot. to Dismiss 4:24, 3:8—10 (asserting Defendant's "motion to dismiss

21

22     [6] Plaintiffs' claim for return of personal property is based
23 essentially on the allegation that Defendant took Plaintiffs'
   "confidential, proprietary, and/or trade secret information." (Compl. ¶¶
24 21, 22, 43, 44.) No further detail is alleged in the complaint about the
   information taken, and no "personal property" other than the referenced
25 "information" was allegedly taken. Cf., e.g., Ikon Office Solutions,
26 Inc. v. Rezente, No. CIV. 2:10-1704 WBS EFB, 2011 WL 1402882, at *3
   (E.D. Cal. Apr. 13, 2011) (denying CUTSA supersession motion without
27 deciding the scope of § 3426.7(b)(2) since plaintiff's non-CUTSA claim
   could be pled without reference to the taking of valuable information);
28 Aversan USA, Inc. v. Jones, No. 2:09-cv-00132-MCE-KJM, 2009 WL 1810010,
   at *3—5 (E.D. Cal. June 24, 2009) (same).

is premature" and "[t]o the extent that the return of personal property claim is not based solely on the misappropriation of trade secrets, it is not subject to preemption").) Defendant counters that the <u>Silvaco Data Systems</u> approach governs and requires dismissal of Plaintiffs' return of personal property claim. (Def.'s Reply in Supp. of Mot. to Dismiss 1:23—2:12 (arguing Plaintiffs misstate the law and urge the wrong result by omitting reference to <u>Silvaco Data Systems</u>—the leading California Court of Appeals opinion on the issue that requires supersession unless Plaintiffs assert some other basis beside trade secrets law for a property right in the taken information).)

Plaintiffs argue that supersession is "premature" since they are "entitled to plead multiple and alternate theories" in the complaint while "await[ing] the development of evidence in discovery." (Pls.' Opp'n to Mot. to Dismiss 4:24, 1:16—17, 1:8—9.) Rule 8(d)(2) authorizes "[a] party [to] state as many separate claims . . . as it has, regardless of consistency." However, "[l]itigants ordinarily argue preemption in a motion to dismiss." <u>Johnson v. Armored Transp. of Cal., Inc.</u>, 813 F.2d 1041, 1043 (9th Cir. 1987); <u>e.g.</u>, <u>Menchaca v. CNA Grp. Life Assur. Co.</u>, 331 Fed. App'x 298, 304 (5th Cir. 2009) (finding "no merit" in plaintiff's argument that his "claims are pled in the alternative pursuant to Federal Rule of Civil Procedure 8 and thus not subject to preemption" under ERISA); <u>SunPower Corp. v. SolarCity Corp.</u>, No. 12-CV-00694-LHK, 2012 WL 6160472, at *14 (N.D. Cal. Dec. 11, 2012) (considering and rejecting plaintiff's argument "that it would be 'premature' to address the question of [CUTSA] supersession at the motion to dismiss stage"); <u>Atrium Grp. De Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.</u>, 565 F. Supp. 2d 505, 510 (S.D.N.Y. 2008)

(concluding that "Rule 8(d)(2) of the Federal Rules of Civil Procedure does not purport to override § 301 preemption" under the Copyright Act).

Decision on Defendant's dismissal motion thus requires determination of the scope of supersession under CUTSA § 3426.7(b)(2). CUTSA is modeled on the Uniform Trade Secrets Act ("UTSA") and codified in California Civil Code § 3426 through § 3426.11. It is comprehensive in its structure and breadth. K.C. Multimedia, Inc., 171 Cal. App. 4th at 957; accord Hat World, Inc. v. Kelly, No. CIV. S-12-01591 LKK/EFB, 2012 WL 3283486, at *4 (E.D. Cal. Aug. 10, 2012). CUTSA's provisions contain "'the definition of misappropriation and trade secret, injunctive relief for actual or threatened misappropriation, damages, attorney fees, methods for preserving the secrecy of trade secrets, the limitations period, the effect of the title on other statutes or remedies, statutory construction, severability,'" and other aspects of trade secrets law. K.C. Multimedia, Inc., 171 Cal. App. 4th at 954 (quoting AccuImage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 941, 953 (N.D. Cal. 2003)) (describing Cal. Civ. Code §§ 3426.1—.11). "CUTSA's 'comprehensive structure and breadth' suggests a legislative intent to occupy the field." K.C. Multimedia, Inc., 171 Cal. App. 4th at 957; see also Silvaco Data Sys., 184 Cal. App. 4th at 234 ("[T]he act as a whole[] manifest[s] a Legislative intent to occupy the field of trade secret liability to the exclusion of other civil remedies."); see generally Rojo v. Kliger, 52 Cal. 3d 65, 80 (1990) (explaining that "general and comprehensive legislation" indicates a supersessive legislative intent).

Further, CUTSA's stated purpose is "to make uniform the law." Cal. Civ. Code § 3426.8. Its goal, as explained in UTSA, is the "substitution of unitary definitions of trade secret and trade secret

misappropriation . . . for the various property, quasi-contractual, and violation of fiduciary relationship theories of noncontractual liability utilized at common law." Unif. Trade Secrets Act prefatory note, 14 U.L.A. 531 (2005). Its terms are to "be applied and construed to effectuate [this] general purpose." Cal. Civ. Code § 3426.8; see also Unif. Trade Secrets Act § 8, 14 U.L.A. 656 (2005). In light of CUTSA's scope and purpose, permitting Plaintiffs to proceed with both their CUTSA and return of personal property claims would prevent the intended "*substitution* of unitary definitions for the . . . various theories . . . of noncontractual liability" utilized before CUTSA's adoption and thus contravene CUTSA's stated purpose. Unif. Trade Secrets Act prefatory note; see Silvaco Data Sys., 184 Cal. App. 4th at 233–34 ("[CUTSA's] purpose could not be served by merely making [it] supplementary to the notoriously haphazard web of disparate laws governing trade secret liability. The central purpose of the act was precisely to displace that web with a relatively uniform and consistent set of rules defining—and thereby *limiting*—liability.").

Further, the effect of supersession under CUTSA is facially broader than what exists under UTSA. The Uniform Trade Secrets Act states that it "displaces conflicting . . . law," Unif. Trade Secrets Act § 7(a), 14 U.L.A. 651 (2005), meaning in multiple jurisdictions that it "only preempts common law claims that 'conflict' with its provisions." K.C. Multimedia, Inc., 171 Cal. App. 4th at 956 (quotation omitted). California intentionally rejected this portion of UTSA, however. See Fairbanks v. Superior Court, 46 Cal. 4th 56, 61 (2009) (noting the Legislature's omission of provision from proposed national model law "indicat[es] its intent"). CUTSA omits UTSA's explicit supersession clause, and instead contains savings clauses exempting

certain remedies from supersession, including "other civil remedies that are not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b)(2). CUTSA thus implicitly supersedes all remedies not covered by its savings clauses. Silvaco Data Sys., 184 Cal. App. 4th at 234; K.C. Multimedia, Inc., 171 Cal. App. 4th at 954. CUTSA's implicit general supersession is facially broader than UTSA's preemption provision displacing just "conflicting" law. Nonetheless, most courts interpreting UTSA's narrower preemption provision have found that, in light of UTSA's "history, purpose, and . . . statutory scheme," it supersedes other claims based on the taking of valuable information. E.g., Robbins v. Supermarket Equip. Sales, LLC, 722 S.E. 2d 55, 58 (Ga. 2012) (finding UTSA supersedes every "lesser and alternate theory" based on the taking of valuable information); BlueEarth Biofuels, LLC v. Haw. Elec. Co., Inc., 235 P.3d 310, 321 (Haw. 2010) (noting the "majority of the courts" interpreting UTSA have reached this conclusion); Mortg. Specialists, Inc. v. Davey, 904 A.2d 652, 663 (N.H. 2006) (recognizing that the "weight of authority" has held the same). Given CUTSA's intentionally broader wording, CUTSA supersedes those claims typically displaced under the narrower UTSA provision, which California rejected.

Given CUTSA's breadth and structure, its purpose of promoting uniformity, and the broad superseding effect of narrower uniform trade secrets acts, the approach outlined in Silvaco Data Systems is adopted, and therefore § 3426.7(b)(2) is inapplicable unless a plaintiff "assert[s] some other basis" beside trade secrets law for a property right in taken information. Silvaco Data Sys., 184 Cal. App. 4th at 238.

Accordingly, since Plaintiffs' return of personal property claim is based on the taking of "confidential, proprietary, and/or trade secret information," (Compl. ¶ 21), and since it is not exempted from

1  supersession by § 3426.7(b), Plaintiffs' return of personal property
2  claim is dismissed with prejudice. See Swartz v. KPMG LLP, 476 F.3d 756,
3  761 (9th Cir. 2007) (affirming dismissal with prejudice where statute
4  made amendment futile).

5  **B.   Anti-SLAPP Special Motion to Strike**

6         Defendant seeks to strike Plaintiffs' remaining claims under
7  California's anti-SLAPP statute, arguing that Plaintiffs' claims are "an
8  attempt to punish [Defendant] for exercising his constitutional rights
9  of petition and free speech in connection with class action litigation
10 filed against [Plaintiffs by Defendant] exactly one week prior to this
11 action." (Def.'s Special Mot. to Strike, ("Def.'s Mot."), ECF No. 14,
12 1:2—4.) Plaintiffs respond that their claims are "premised on
13 [Defendant] breaching his Confidentiality Agreements and
14 misappropriating confidential and trade secret information," (Pls.'
15 Opp'n to Special Mot. to Strike ("Pls.' Opp'n") ECF No. 20, 10:19—21),
16 not on the class action.

17        "A SLAPP is a civil lawsuit that is aimed at preventing
18 citizens from exercising their political rights or punishing those who
19 have done so." Simpson Strong-Tie Co., Inc. v. Gore, 49 Cal. 4th 12, 21
20 (2010). "SLAPP suits masquerade as ordinary lawsuits," but "they are
21 generally meritless suits brought primarily to chill the exercise of
22 free speech or petition rights by the threat of severe economic
23 sanctions against the defendant." Id. (quotation omitted); accord Hilton
24 v. Hallmark Cards, 599 F.3d 894, 902 (9th Cir. 2009). California's anti-
25 SLAPP statute, Cal. Civ. Proc. Code § 425.16, was enacted to vindicate
26 free speech and petition rights due to concern over "'a disturbing
27 increase'" in such suits. Oasis W. Realty, LLC, 51 Cal. 4th at 815 n.1
28 (2011) (quoting Cal. Civ. Proc. Code § 425.16(a)); accord DC Comics v.

Pac. Pictures Corp., 706 F.3d 1009, 1015—16 (9th Cir. 2013). Under the statute, a defendant subjected to a SLAPP may file a special motion to strike in state or federal court to expedite the early dismissal of the plaintiff's unmeritorious SLAPP claims. Price v. Stossel, 620 F.3d 992, 999 (9th Cir. 2010); Simpson Strong-Tie Co., 49 Cal. 4th at 21; see also Makaeff v. Trump Univ., LLC, 715 F.3d 254, 272—75 (9th Cir. 2013) (Kozinski, J., concurring) (recognizing the same, but calling for en banc reconsideration of the federal application of the anti-SLAPP statute).

When assessing an anti-SLAPP motion, the court considers the pleadings and supporting and opposing affidavits to determine the facts upon which liability is based. Cal. Civ. Proc. Code § 425.16(b)(2); United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 971 (9th Cir. 1999). Further, evidence favorable to Plaintiffs is accepted as true, and neither the weight nor the credibility of the evidence is assessed. Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 269 n.3 (2006).

To prevail on his anti-SLAPP motion, Defendant must make a threshold showing that each of Plaintiffs' claims "arises from" Defendant's "protected activity." In re Episcopal Church Cases, 45 Cal. 4th 467, 477 (2009); accord DC Comics v. Pac. Pictures Corp., 706 F.3d at 1013. If Defendant makes this initial showing, the burden shifts to Plaintiffs to establish "a probability of prevailing on the claim[s]." Oasis W. Realty, LLC, 51 Cal. 4th at 819—20; accord Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1110 (9th Cir. 2003).

Defendant's threshold showing is "objective" and "strictly" limited. Equilon Enters. v. Consumer Cause, Inc., 29 Cal. 4th 53, 65, 59 (2002). Defendant need not establish Plaintiffs' subjective intent to

chill his speech or petition rights. Id. at 58—67. Nor need he show that Plaintiffs' actions actually engendered a chilling effect. City of Cotati v. Cashman, 29 Cal. 4th 69, 75—76 (2002); accord Vess, 317 F.3d at 1110. Instead, Defendant must simply demonstrate that he engaged in "protected activity" and that each of Plaintiffs' claims against him "arises from" that protected activity. Navellier v. Sletten, 29 Cal. 4th 82, 89 (2002); accord Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590, 595 (9th Cir. 2010).

### 1. Protected Activity

Defendant argues he engaged in protected activity under § 425.16 by prosecuting a class action against Plaintiffs and by conveying information to class counsel in advance of that litigation. (Clark Decl., ECF No. 14—3, ¶ 4.) The anti-SLAPP statute specifically protects "any written or oral statement or writing made before a  . . . judicial proceeding  . . .  [or] made in connection with an issue under consideration or review by a  . . . judicial body." § 415.16(e)(1), (2). Filing suit in federal court is "indisputably" a protected activity under § 425.16. Navellier, 29 Cal. 4th at 90. Likewise, "communications preparatory to or in anticipation of the bringing of an action . . . are equally entitled to the benefits of section 425.16." Briggs v. Eden Council for Hope & Opportunity, 19 Cal. 4th 1106, 1115 (1999) (finding defendant's counseling of third party was "in anticipation of litigation" that was initiated later and therefore constituted protected activity under the statute); Flatley v. Mauro, 39 Cal. 4th 299, 322 n.11 (recognizing that "prelitigation conduct" falls within the ambit of § 425.16); Siam v. Kizilbash, 130 Cal. App. 4th 1563, 1570 (2005) (collecting cases finding the same). Since Defendant filed a lawsuit in federal court—a context specifically and "indisputably" protected by the

anti-SLAPP statute—and made "communications preparatory to or in anticipation of [that] litigation," his actions facially qualify as protected activity under § 425.16.

However, Plaintiffs argue that Defendant's conduct is not protected activity under § 425.16 because it constitutes illegal theft and theft of trade secrets under Cal. Penal Code §§ 484, 499c, and illegal criminal activity is not protected by the anti-SLAPP statute. (Pls.' Opp'n 8:1—10:4.) Defendant counters that he did not engage in any illegal activity, and addresses Plaintiffs' factual illegality arguments in turn. (Def.'s Reply in Supp. of Mot. to Strike ("Def.'s Reply") ECF No. 28, 10:3—14:26 (contending that Defendant regularly downloaded an allegedly confidential document called Page 13 as part of his job, that his visit to the website topclassactions.com was neither illegal nor surprising, that he never illegally received Page 13, and that Plaintiffs did not attempt to maintain the secrecy of Page 13).)

By its very terms, the anti-SLAPP statute protects only "the valid exercise of the constitutional rights of freedom of speech and petition." Cal. Civ. Proc. Code § 425.16(a); Flatley, 39 Cal. 4th at 313 (recognizing the same). "As a necessary corollary to this statement. . . not all speech or petition activity is protected by section 425.16." Flatley, 39 Cal. 4th at 313. If "either the defendant concedes, or the [uncontroverted] evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute to strike the plaintiff's action." Id. at 320. However, there is no such showing here. Defendant does not concede that he acted illegally, but instead strenuously opposes Plaintiffs' arguments about the illegality of his conduct. (See Def.'s Reply 10:3—14:26.) Nor has it

been established with "uncontroverted and conclusive evidence" that Defendant engaged in illegal theft and theft of trade secrets. <u>Flatley</u>, 39 Cal. 4th at 320.[7] Since "there is a factual dispute as to the illegality of [D]efendant's conduct, [] the court cannot conclude that the conduct was illegal as a matter of law." <u>Fremont Reorganizing Corp. v. Faigin</u>, 198 Cal. App. 4th 1153, 1168 (2011); <u>see also</u> <u>Flatley</u>, 39 Cal. 4th at 316. Accordingly, Defendant has established the first portion of his threshold showing.

### 2. Arising From

Under the second portion of his threshold showing, Defendant argues Plaintiffs' lawsuit "arises from" his protected activity under § 425.16 since Plaintiffs: (1) filed this action one week after Defendant helped initiate the class action, (Clark Decl. ¶¶ 4, 8 & Ex. A); (2) offered to dismiss this action if Defendant supplied Plaintiffs with the information provided to class counsel by Defendant and Plaintiffs' current and former employees, (Carichoff Decl., ECF No. 14—5, ¶ 6 & Ex. F); (3) stated that Defendant "improperly used and misrepresented our confidential information to instigate these [class action] lawsuits," (Suppl. Carichoff Decl., ECF No. 28, ¶ 2 & Ex. G); and (4) referenced expenses defending against the class action as damages in this action. (Topel Decl., ECF No. 25, ¶ 12.) Plaintiffs counter that their claims do not "arise from" Defendant's protected activity since "protected speech is not the gravamen of the claims," which are instead based on

---

[7] For example, whereas Plaintiffs submit evidence that Defendant gave a copy of Page 13 to class counsel, (Topel Decl., ECF No. 25, ¶ 11) and aver that Plaintiffs attempted to protect the secrecy of Page 13 (Skinner Decl., ECF No. 21, ¶ 4), Defendant submits evidence that Page 13 was not reasonably protected as confidential or trade secret information (Supp. Clark Decl. ¶ 11, ECF No. 28-2), and argues he was entitled to supply Page 13 to class counsel because he believed Plaintiffs' actions violated California law. (Def.'s Reply 13:22—14:26.)

Defendant's "(a) misappropriating [Plaintiffs'] beer specifications document; (b) wrongfully obtaining the beer specifications document from [a current employee] after leaving [the Company]; (c) providing that document to [class counsel]; and, (d) refusing to sign the certification required by the Confidentiality Agreements." (Pls.' Opp'n 10:21—25.)

To sustain the second portion of his threshold showing, Defendant must demonstrate that Plaintiffs' claims "arise from" his protected activity. Navellier, 29 Cal. 4th at 89. The "critical consideration" in § 425.16 "arising from" determinations is whether a claim "is *based on* the defendant's protected free speech or petitioning activity." Id. (emphasis added); Briggs, 19 Cal. 4th at 1114 (equating "arising from" and "based upon" in this context). When a claim involves both protected and nonprotected activity, as Defendant argues Plaintiffs' claims do, the "principal thrust or gravamen" of each claim determines whether the anti-SLAPP statute applies. Club Members for an Honest Election v. Sierra Club, 45 Cal. 4th 309, 319 (2008); accord In re Episcopal Church Cases, 45 Cal. 4th at 477 (applying "the gravamen or principal thrust" test in "arising from" determination). The fact that Plaintiffs' claims were "filed after" or "triggered by" Defendant's protected action is insufficient to demonstrate that Plaintiffs' claims "arose from" Defendant's protected activity. Navellier, 29 Cal. 4th at 89. Nor is it enough for Plaintiffs' claims to be "in response to" or "in retaliation for" Defendant's protected activity. City of Cotati, 29 Cal. 4th at 78; see also Navellier, 29 Cal. 4th at 90 (finding claims "arose from" defendant's protected activity since "but for [defendant's protected litigation], plaintiffs' present claims would have no basis").

Here, Defendant presents evidence that Plaintiffs filed this action because of Defendant's protected activity. However, Plaintiffs'

"subjective intent . . . is not relevant under the anti-SLAPP statute." City of Cotati, 29 Cal. 4th at 78. Even an "oppressive" claim filed "in retaliation for . . . litigation is not subject to the anti-SLAPP statute simply" for that reason. Id. Accordingly, Defendant's evidence of Plaintiffs' motivation does not establish that Plaintiffs' claims arose from Defendant's protected activity. See In re Episcopal Church Cases, 45 Cal. 4th at 478 ("The . . . fact that protected activity may lurk in the background—and may explain why the rift between the parties arose in the first place—does not transform a . . . dispute into a SLAPP suit.").

Nor is Defendant's argument persuasive that in similar contexts California appellate courts have "expressly rejected" Plaintiffs' argument that their claims are premised on Defendant's nonprotected misappropriation and breach of contract, not on Defendant's protected litigation activity. (See Def.'s Reply 9:14—24 (citing Fox Searchlight Pictures, Inc. v. Paladino, 89 Cal. App. 4th 294, 304-08 (2001)).) In Fox Searchlight, on which Defendant relies, former in-house counsel for Fox sued Fox for wrongful termination, and Fox sued the former counsel for disclosing confidential information in the course of prosecuting the wrongful termination action. Id. at 298—99. The court held that "in—house counsel may disclose ostensible employer—client confidences to her own attorneys to the extent they may be relevant to the preparation and prosecution of her wrongful termination action against her former client—employer." Id. at 310. Defendant's argument here depends on "[d]ictum in Fox Searchlight suggest[ing that] 'a plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one cause of action.'" Martinez v.

1  Metabolife Int'l, Inc., 113 Cal. App. 4th 181, 188 (2003) (quoting Fox

2  Searchlight, 89 Cal. App. 4th at 308)). However, Fox Searchlight was

3  issued before the California Supreme Court explained the statute's "not

4  always easily met" requirement that a SLAPP must *itself* be "based on"

5  Defendant's protected activity, Equilon Enters., 29 Cal. 4th at 66, and

6  it resulted in a "specific and limited" holding confined to the in—house

7  counsel and wrongful termination context. Castleman v. Sagaser, 216 Cal.

8  App. 4th 481, 501 (2013). Defendant "cannot take advantage of the

9  anti-SLAPP statute simply because the complaint [or submitted evidence]

10 contains some references to speech or petitioning activity by

11 [D]efendant." Martinez, 113 Cal. App. 4th at 188.

12      In this case, Defendant's protected activity, unmentioned in

13 the complaint and referenced only as evidence of Defendant's

14 nonprotected wrongdoing, is "merely incidental" to each of Plaintiffs'

15 claims, making Plaintiffs claims beyond the scope of the anti-SLAPP

16 motion to strike. See Peregrine Funding, Inc. v. Sheppard Mullin, 133

17 Cal. App. 4th 658, 672 (2005) (describing the "apparently unanimous

18 conclusion of published [California] appellate cases" that the anti-

19 SLAPP statute is inapplicable to "merely incidental" protected

20 activity); see also Mindys Cosmetics, Inc., 611 F.3d at 598 (applying

21 this test); M.F. Farming, Co. v. Couch Distrib. Co., 207 Cal. App. 4th

22 180, 197 (2012) (collecting cases employing the "merely incidental"

23 test); Wallace v. McCubbin, 196 Cal. App. 4th 1169, 1183 (2011)

24 (defining an incidental act as an "act [that] is not alleged to be the

25 basis for liability"). Here, Plaintiffs' claims that Defendant

26 "breach[ed] his Confidentiality Agreements and misappropriat[ed]

27 confidential information" stand alone, (Pls.' Opp'n 10:19—21), stating

28 a claim for breach of contract and misappropriation of trade secrets

without reference to Defendant's protected litigation. Since Defendant's "activity that gives rise to his [] asserted liability" does not constitute "protected speech or petitioning," Plaintiffs' claims are outside the "definitional focus" of the anti-SLAPP statute. <u>Navellier</u>, 29 Cal. 4th at 92. Accordingly, Defendant has not shown that Plaintiffs' claims arise from his protected activity, and Defendant's special motion to strike Plaintiffs' claims is denied.

### III. CONCLUSION

For the stated reasons, Plaintiffs' return of personal property claim is dismissed with prejudice. Defendant's anti-SLAPP motion is denied.

**Dated:  July 18, 2013**

GARLAND E. BURRELL, JR.
**Senior United States District Judge**