KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
MARCUS S. TOPEL (SBN 54702)
Email: mtopel@kasowitz.com
JACOB N. FOSTER (SBN 250785)
Email: jfoster@kasowitz.com
101 California Street, Suite 2300
San Francisco, California 94111
Telephone:   (415) 421-6140
Facsimile:    (415) 398-5030

Attorneys for Plaintiffs
ANHEUSER-BUSCH COMPANIES, LLC and
ANHEUSER-BUSCH, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES, LLC, a Delaware limited liability company, and ANHEUSER-BUSCH, LLC, a Missouri limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES ALAN CLARK, an individual,<br><br>Defendant. | Case No. 2:13-CV-00415-TLN-CKD<br><br>**JOINT STATUS CONFERENCE REPORT**<br><br>**Date Due:** On Or Before March 14, 2016<br><br>**Judge:** Hon. Troy L. Nunley |

## I.     INTRODUCTION

In this diversity action, Anheuser-Busch Companies, LLC and Anheuser-Busch, LLC (collectively, "Anheuser-Busch") allege that James Clark breached a confidentiality agreement with Anheuser-Busch and misappropriated trade secrets by obtaining and disclosing a proprietary document related to the company's brewing process.  In response to Anheuser-Busch's lawsuit, Clark moved to strike the complaint under California's anti-SLAPP statute on the basis that he had obtained the document in furtherance of protected litigation activity.  An anti-SLAPP motion is adjudicated under a two-part test: under the first prong, the defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional rights to petition and to free speech; and, if the moving defendant

1  makes a prima facie showing, the burden then shifts to the plaintiff under the second prong to
2  establish a reasonable probability that it will prevail on its claim.  *Makaeff v. Trump University*,
3  715 F. 3d 254, 261 (9th Cir. 2013).  A lack of reasonable probability exists if the "plaintiff
4  presents an insufficient legal basis for [its claim], or if, on the basis of the facts shown by the
5  plaintiff, no reasonable jury could find for the plaintiff."  *Makaeff*, 715 F. 3d at 264.
6       The district court denied Clark's motion, holding that he failed to satisfy the first prong.
7  Dkt. 35 at 17-18.  The district court did not address the second prong of the test.  The Ninth
8  Circuit reversed the district court's decision under the first prong in an unpublished
9  memorandum disposition, and remanded to the district court for consideration of the second
10 prong.
11 **II.**    **PROCEDURAL HISTORY**
12      Anheuser-Busch filed this action against Clark on March 1, 2013.  Clark moved to strike
13 the complaint under California's anti-SLAPP statute.  On July 18, 2013, the court denied
14 Clark's anti-SLAPP motion under the first prong, reasoning that "Defendant's protected
15 activity, unmentioned in the complaint and referenced only as evidence of Defendant's
16 nonprotected wrongdoing, is 'merely incidental' to each of Plaintiffs' claims, making Plaintiffs
17 claims beyond the scope of the anti-SLAPP motion to strike."  Dkt. 35 at 17-18.  The court did
18 not reach the second prong.
19      Clark filed an interlocutory appeal.  The Ninth Circuit issued an unpublished
20 memorandum disposition, reversing the district court under the first prong and remanding "so
21 that the district court may consider in the first instance whether Anheuser Busch 'has
22 established that there is a probability that [it] will prevail on the claim.'"  *Anheuser-Busch v.*
23 *Clark*, Case No. 13-16527, Dkt. 27-1, at 3 (9th Cir. Nov. 13, 2015).
24 **III.**    **FACTUAL BACKGROUND**
25      **A.**    **PLAINTIFFS' POSITION**
26      Clark is a former employee of Anheuser-Busch, who was employed from or about
27 November of 1998 until June of 2012.  Declaration of James A. Clark In Support Of His Special
28 Motion To Strike ("Clark Decl."), ¶1.  Clark signed an Employee Agreement As To Intellectual

1   Property and Confidentiality" ("Confidentiality Agreement") on two separate occasions.  See
2   Complaint, Exs. A& B (Dkt. 6-1).
3       One month prior to resigning from Anheuser-Busch in June 2012, Clark printed two
4   copies and saved a copy to a personal storage device of a beer specifications document.
5   Declaration of David Scroggs ("Scroggs Decl."), ¶ 6.  This document contains a wide range of
6   information about Anheuser-Busch's beer specifications for each of Anheuser-Busch's
7   products.  Declaration of Kristi Skinner ("Skinner Decl.") at ¶¶ 3-4.
8       On November 21, 2012, when no longer employed by Anheuser-Busch, Clark contacted
9   a current Anheuser-Busch employee named Michael Azevedo, who used to work for Clark.
10  Declaration of Michael Azevedo ("Azevedo Decl.").  Clark requested that Mr. Azevedo send
11  him a copy of Anheuser-Busch's beer specifications – the same document Clark printed and
12  downloaded in May.  Azevedo Decl., ¶ 2; Scroggs Decl., ¶ 6 & Ex B.  In response to Clark's
13  request, Mr. Azevedo accessed the document from his work computer, printed a copy, and
14  mailed the hard copy to Clark.  Azevedo Decl., ¶ 2; Scroggs Decl., ¶¶ 3-4.
15      Shortly thereafter, Anheuser-Busch received a demand letter from the Mills Law Firm.
16  Declaration of Marcus S. Topel ("Topel Decl."), ¶ 3 & Ex. B (12/18/12 Mills Letter).  The letter
17  alleged that Anheuser-Busch produces malt beverages that contain "less alcohol by volume than
18  is stated on your containers and labels."  *Id*.
19      Thereafter, a consumer class action lawsuit was filed alleging consumer fraud.  The
20  district court adjudicating the MDL class action later granted Anheuser-Busch's motion to
21  dismiss the lawsuits.  *In re Anheuser-Busch Beer Labeling Mktg. & Sales Practices Litig.*, 2014
22  U.S. Dist. LEXIS 76005 (N.D. Oh. June 2, 2014).  It is currently on appeal in the Sixth Circuit.
23      **B.      DEFENDANT'S POSITION**
24      Clark does not believe this Court's March 1, 2013 Order Setting Status Conference, or
25  any subsequent Order, seeks the factual background or argument in support of or opposition to
26  any motion pending before this Court and respectfully does not address the underlying facts or
27  merits of his Anti-SLAPP Motion.
28

### IV. PROPOSED BRIEFING SCHEDULE

#### A. PLAINTIFFS' POSITION

Anheuser-Busch requests that this Court order the parties to file supplemental briefs on the second prong of the anti-SLAPP motion analysis, along with any additional relevant evidence. The Ninth Circuit, in remanding, noted that "Anheuser-Busch may be able to establish that Clark breached his contract and misappropriated trade secrets. But whether Clark's conduct violated California law goes to Anheuser-Busch's probability of success on the merits, not whether the conduct was in furtherance of a protected activity." *Id*. at 3. Or, in Judge Hurwitz's words at oral argument, "it may be an illegal act in furtherance of a protected activity and you may have, and I tend to think you do, a splendid lawsuit against him, but that's at step 2." Tr. at 27:05-27:50; *see also* Tr. at 20:35-21:05 & 23:16-24:02 (noting that the anti-SLAPP motion "would fail on step 2 because [Anheuser-Busch's] lawsuit against him would surely be successful.").

Clark has also indicated that he wishes to file a supplemental brief on the second prong of the anti-SLAPP motion analysis, in light of the Ninth Circuit's decision. Therefore, Anheuser-Busch proposes that Clark, the moving party, should file his supplemental brief first, Anheuser-Busch should file its supplemental brief 21 days thereafter, and Clark should file his reply 7 days after the filing of Anheuser-Busch's supplemental brief. The Court should set a hearing date at whatever time it deems convenient.

#### B. DEFENDANT'S POSITION

Clark also believes supplemental briefing, limited to how the Ninth Circuit's memorandum disposition may affect this Court's analysis on the second prong of his Anti-SLAPP Motion, would be helpful in the resolution of that Motion. Clark respectfully requests 21 days to prepare his supplemental briefing but otherwise is agreeable to Anheuser-Busch's proposed schedule.

Dated: March 9, 2016                KASOWITZ, BENSON, TORRES & RIEDMAN LLP


By:/s/ Marcus S. Topel
   Marcus S. Topel
   Counsel for Plaintiffs
   ANHEUSER-BUSCH COMPANIES, LLC and
   ANHEUSER-BUSCH, LLC

Dated: March 9, 2016                LAW OFFICES OF ROBERT A. CARICHOFF


By:/s/ Robert A. Carichoff
   Robert A. Carichoff
   Counsel for Defendant
   JAMES ALAN CLARK