UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| |
|---|
| **FILED** |
| APR 11 2019 |
| MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

ANHEUSER-BUSCH COMPANIES,
LLC and ANHEUSER-BUSCH, LLC,

                Plaintiffs - Appellees,

   v.

JAMES ALAN CLARK,

                Defendant - Appellant.

No. 17-15591

D.C. No. 2:13-cv-00415-TLN-CKD
U.S. District Court for Eastern
California, Sacramento

**MANDATE**

     The judgment of this Court, entered March 20, 2019, takes effect this date.

     This constitutes the formal mandate of this Court issued pursuant to Rule

41(a) of the Federal Rules of Appellate Procedure.

                              FOR THE COURT:

                              MOLLY C. DWYER
                              CLERK OF COURT

                              By: Nixon Antonio Callejas Morales
                              Deputy Clerk
                              Ninth Circuit Rule 27-7



FILED

MAR 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANHEUSER-BUSCH COMPANIES, LLC; ANHEUSER-BUSCH, LLC, | No.    17-15591 |
| Plaintiffs-Appellees, | D.C. No. 2:13-cv-00415-TLN-CKD |
| v. | |
| JAMES ALAN CLARK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted September 13, 2018
San Francisco, California

Before:  TASHIMA, RAWLINSON, and WATFORD, Circuit Judges.

James Clark (Clark) appeals the district court's order on remand from this

court, denying Clark's motion to strike Plaintiffs' Anheuser-Busch Companies,

LLC and Anheuser-Busch, LLC's (collectively Anheuser-Busch) complaint under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the California anti-SLAPP[1] statute.  *See Anheuser-Busch Companies, LLC v. Clark*, 622 F. App'x 671 (9th Cir. 2015).  We have jurisdiction under the collateral order doctrine, and we affirm.  *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 832 (9th Cir. 2018).

1.  The complaint alleged that Clark, a former employee, breached a confidentiality agreement with Anheuser-Busch by obtaining and disclosing a proprietary document related to the company's brewing process.  This court previously concluded that Anheuser-Busch "sued Clark for acts taken in furtherance of a protected activity."  *Anheuser-Busch Companies*, 622 F. App'x at 672 (citations and internal quotation marks omitted).  We now decide whether Anheuser-Busch "has established that there is a probability that [it] will prevail" on its misappropriation of trade secrets and breach of contract claims.  Cal. Civ. Proc. Code § 425.16(b)(1).

2.  The district court properly denied Clark's motion to strike Anheuser-Busch's misappropriation of trade secrets claims because Anheuser-Busch demonstrated a reasonable probability of prevailing on the question of whether the contents of Page 13 constituted a trade secret.  *See Baral v. Schnitt*, 376 P.3d 604,

---

[1] Strategic Lawsuit Against Public Participation.  *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 829 (9th Cir. 2018).

617 (Cal. 2016) (explaining that the plaintiff must "demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated").  The district court correctly found that the declaration describing the contents of Page 13 did not contain inadmissible hearsay for the purpose of establishing the existence of a trade secret.  *See Fonseca v. Sysco Food Svcs. of Az., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) (discussing the admissibility of declarations).  The record also provides adequate support for the conclusion that Anheuser-Busch used reasonable efforts to maintain secrecy, and described potential damages.  *See Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1454 (2002) (describing the test for determining the existence of a trade secret).

    **3.**  The district court also properly denied the motion to strike Anheuser-Busch's breach of contract claim.  *See* Cal. Civ. Proc. Code § 425.16(b)(1).  A reasonable factfinder could conclude that Clark's refusal to certify non-disclosure was a breach of the confidentiality agreements.  *See Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (listing the elements for a breach of contract claim).  Anheuser-Busch described sufficient evidence of damages, and the contracts were not unenforceable as against public policy.  *See Hass v. RhodyCo Prods.*, 26 Cal. App. 5th 11, 31 (2018) (cautioning that the power to void

a contract as in contravention of sound public policy "should be exercised only in cases free from doubt") (citation omitted).

**AFFIRMED.**